**Larry HILL, Plaintiff-Appellant,**

v.

**Leland Q. LINAHAN, Jr., Superintendent, Jack T. Rutledge Correctional Institution, Columbus, Georgia, Defendant-Appellee.**

No. 82–8381
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 11, 1983.

Rehearing and Rehearing En Banc
Denied March 21, 1983.

Larry Hill, pro se.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

**PER CURIAM:**

In 1968, Larry Hill pled guilty to murder and was sentenced to life imprisonment by the Superior Court of Fulton County. No appeal was filed. He is now incarcerated at the Jack T. Rutledge Correctional Institution in Columbus, Georgia.

In 1981, Hill filed a *pro se* habeas corpus petition in Georgia state court. After a hearing, the Muscogee County Superior Court denied Hill's petition finding that he had not offered sufficient evidence to overcome the presumption in favor of the validity of the sentence. The Supreme Court of Georgia denied Hill a certificate of probable cause to appeal. Having exhausted his state remedies as required by 28 U.S.C.A. § 2254(b), Hill filed a federal habeas petition alleging that: (1) his retained attorney provided him ineffective assistance; (2) his plea of guilty was involuntary because his attorney told him that if he did not plead guilty he would be sentenced to the electric chair; (3) his attorney was not a member of the Georgia bar and (4) there is no written record of his guilty plea. The magistrate to whom the case was referred recommended that the petition be dismissed. Adopting a portion of the magistrate's report, the district court dismissed Hill's petition pursuant to Rule 9(a) of the Rules Governing § 2254 Cases in the United States District Courts (28 U.S.C.A. foll. § 2254). The court concluded that Hill's thirteen year delay in bringing the petition, after the "apparent death" of his former counsel, prejudiced the state respondent, and that the delay was not due to grounds about which he had only recently learned. Hill appeals the dismissal.

Rule 9(a) provides:

(a) Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

The district court's dismissal of Hill's petition under Rule 9(a) raises two issues: the correct procedure that should be used in dismissing a petition under Rule 9(a), and the substantive requirements of the rule. Although the substantive requirements of a Rule 9(a) dismissal have been discussed in earlier decisions of this Court, the procedures for dismissing a case under Rule 9(a) have never been addressed. Both the substantive and procedural requirements of Rule 9(a) have recently been exhaustively interpreted by the Fifth Circuit in *McDonnell v. Estelle,* 666 F.2d 246 (5th Cir.1982). That decision is not binding on this Court;[1] however, its persuasive reasoning, as well as the fact that its analysis is based on case law which is binding on this Court, convinces us to follow its lead in defining the procedures to be followed in a Rule 9(a) dismissal.

### I. Procedural Requirements of Rule 9(a)

■ Rule 9(a) does not state the procedures to be followed in entering a dismissal order under its provisions. However, Rule 11 of the Rules Governing § 2254 Cases directs that the Federal Rules of Civil Procedure should be applied to habeas petitions when the Rules Governing § 2254 Cases are silent. Under the Federal Rules of Civil Procedure, a judgment on the pleadings may be made under Rule 12(c) if the court considers only the pleadings, or under Rule 56 if the court considers any evidence outside the pleadings. Respondent filed an Answer-Response to Hill's petition, requesting that the case be dismissed under Rule 9(a) and denying the merits of Hill's claim. Attached to the respondent's pleading was a brief as well as five documentary exhibits. In *McDonnell* the court held that the dismissal of McDonnell's petition pursuant to the respondent's motion to dismiss "was

actually a summary judgment and not a dismissal on the pleadings," 666 F.2d at 250, when "extraneous evidence was considered along with the pleadings." *Id.* Here the magistrate's report, on which the district court's decision was based, relied on the state's exhibits in dismissing Hill's petition under Rule 9(a).[2] Therefore, the state's request for a Rule 9(a) dismissal was converted into a motion for summary judgment, analogously to the provision in Fed.R. Civ.P. 12(b)(6) that a motion to dismiss for failure to state a claim upon which relief can be granted will be treated as a motion for summary judgment when matters outside the pleadings are presented to the court. *See McDonnell,* 666 F.2d at 250.

■ Under Rule 56(c), Hill was entitled to notice that the state's request for a Rule 9(a) dismissal would be treated as a motion for summary judgment and an opportunity to offer evidence in opposition to the motion. *See Hickey v. Arkla Industries, Inc.,* 615 F.2d 239 (5th Cir.1980) (parties must be given 10 days notice that 12(b)(6) motion being treated as Rule 56 motion); *McDonnell,* 666 F.2d at 252. The district court erred in dismissing Hill's petition without giving the requisite notice. It is not enough that Hill filed a Traverse to respondent's Answer-Response, or that he filed Objections to the Magistrate's Recommendation. *McDonnell,* 666 F.2d at 255. In *Hickey* the court stressed the importance of notifying the opposing party that summary judgment is being considered: "The very intimation of mortality when summary judgment is at issue assures us that the motion will be rebutted with every factual and legal argument available." 615 F.2d at 240 (quoting *Georgia Southern & Florida Railway Co. v. Atlantic Coast Line Railroad*

---

1. This Court is bound by the case law of the former Fifth Circuit handed down as of September 30, 1981, unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

2. The magistrate's report relied on the state's exhibits two and three. The state's exhibit two, the transcript of the state habeas hearing,

established that it was unclear whether a transcript of the plea hearing ever existed or whether it could not be located because of the passage of time. Exhibit three indicated that there was a question as to the identity of Hill's retained attorney. The magistrate also relied on the state's brief, which stated that Mr. Hill's attorney was deceased, information that was not stated in the pleadings.

*Co.,* 373 F.2d 493, 498 (5th Cir.), *cert. denied,* 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967)). Furthermore, the Advisory Committee Note to Rule 9 suggests that a notice requirement is appropriate in Rule 9 cases; before the court dismisses the petition it should give the petitioner an "opportunity to explain his apparent abuse of the writ." The Note suggests that courts use the model form appended to Rule 9. The form notifies the petitioner that the court is considering dismissal pursuant to Rule 9(a) or (b) and that failure to complete the form will result in automatic dismissal. It asks the petitioner to explain why his case should not be dismissed under Rule 9(a) and to use facts to support his reasons. Thus, the notice requirement of Rule 56 and the Advisory Committee Note to Rule 9 "create a procedural framework for the disposition of Rule 9(a) cases." *McDonnell,* 666 F.2d at 253. This case must be remanded in order that Hill may be given notice that his case may be dismissed under Rule 9(a) and an opportunity to present facts showing why the delay is not prejudicial or why it is excusable.

## II. Substantive Requirements of Rule 9(a)

▆ Rule 9(a) was enacted "to minimize abuse of the writ of habeas corpus by limiting the right to assert stale claims."[3] Advisory Committee Note to Rule 9. However, the Note also states that Rule 9(a) was not intended to be a statute of limitations but instead was based on the equitable doctrine of laches: "[T]he language of the subdivision, 'a petition *may* be dismissed'

[emphasis added], is permissive rather than mandatory. This clearly allows the court which is considering the petition to use discretion in assessing the equity of the particular situation." Under Rule 9(a) as enacted, a petitioner is not barred simply because he has delayed in filing his claim. The respondent "must make a particularized showing of prejudice," *Paprskar v. Estelle,* 612 F.2d 1003, 1008 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980), and show that the prejudice was caused by the delay. Rule 9(a); *Mayola v. State of Alabama,* 623 F.2d 992, 999 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981).

▆ Respondent's evidence failed to meet the requirements of Rule 9(a) in proving that Hill's delay prejudiced his ability to respond to the habeas petition, especially when viewed in light of the burdens on a party making a motion for summary judgment.[4] Respondent claims that Hill's delay prejudiced him because the transcript of Hill's plea is unavailable and Hill's counsel is deceased. However, there is no indication in the record that a transcript would have been available if Hill had brought his petition earlier. Respondent simply asserts that "no guilty plea transcript is available from the Superior Court of Fulton County." This assertion does not fulfill respondent's burden of showing that the unavailability of the transcript is due to Hill's delay.[5]

Respondent has also not met his burden of proof in demonstrating that he was prejudiced by the unavailability of Hill's former counsel. If Hill's counsel is deceased, re-

---

3. As originally proposed by the Supreme Court, the rule established a presumption, rebuttable by the petitioner, that a petition filed more than five years after the conviction was prejudicial to the state. Congress deleted the presumption and the five year period from the rule, finding those provisions to be "unsound policy" and inconsistent with prior case law establishing that habeas corpus is governed by equitable principles. H.R. No. 1471, 94th Cong., 2d Sess. 1, 5, *reprinted in* [1976] U.S.Code Cong. & Admin.News 2478, 2481. *See Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963).

4. When a summary judgment motion is made all reasonable doubts must be resolved in favor of the party opposing the motion and the motion must be denied if there are any unresolved factual issues. *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982).

5. The magistrate stated: "It is unclear whether a transcript ever existed or if the transcript cannot be located." Hill has alleged in his petition that the plea hearing was not recorded. If that is the case, respondent would be unable to show that the unavailability of the transcript was due to Hill's delay.

spondent would be prejudiced in his ability to respond to Hill's allegations, since Hill's counsel is the only person who can testify about the actions he took in representing Hill. However, the district court based its dismissal on only the "apparent death" of Hill's counsel. First, there is a factual dispute about the identity of Hill's counsel. Hill stated in his petition and at the state habeas hearing that his attorney's name was Frances Firce. The state court noted, however, that the "signature under Petitioner's plea of guilty by his attorney appeared to be that of a 'Frances G. Fife.'" It also stated that the court had recessed at the state habeas hearing in order to look for either name in the State Bar directory but had found neither. Respondent claims in his pleading that he has determined that there was an attorney by the name of Frances G. Fife practicing law in Georgia at the time petitioner entered his guilty plea, but no Frances Firce was listed.[6] Second, assuming that Hill's counsel was Frances G. Fife, the bare allegations made by respondent in his pleading are inadequate to support a finding that the state was prejudiced by the death of Hill's counsel. Respondent states that he contacted Mr. Fife's wife and learned that Mr. Fife had been dead for "several" years; Mr. Fife's wife was unable to locate any records pertaining to Hill's case. There is no evidence in the record, other than these allegations, that Frances G. Fife is deceased. Additionally, since respondent does not disclose the date of Fife's death, he has not demonstrated that Hill's counsel would have been available if Hill had brought his petition within a "reasonable" period of time. *See McDonnell,* 666 F.2d at 253.

For these reasons, the district court did not have a sufficient quantity of conclusive evidence before it to make a summary dismissal under Rule 9(a). *Cf. Bouchillon v. Estelle,* 628 F.2d 926, 928 (5th Cir.1980) (petition dismissed under Rule 9(a) when 27 year delay, trial judge and prosecutor deceased, transcript of trial destroyed, wit-

nesses did not have independent recollection of facts of trial, and petitioner did not raise issue in subsequent trial when challenged convictions being used for enhancement); *Mayola v. State of Alabama, supra,* 623 F.2d at 999 (petition dismissed under Rule 9(a) when 11 year delay, witnesses dead, unavailable, or have impaired recollection, and court reporter's notes lost). Upon remand, the state must make a particularized showing that it would not have encountered the same difficulties if Hill had filed his petition within a reasonable period of time. As the *McDonnell* court noted:

> The doctrine of laches, as codified in Rule 9(a), is an equitable one. It is fact-oriented and its application varies from case to case. Therefore, its resolution in a summary proceeding is often difficult. While it is clear that the purpose of Rule 9(a) is to permit summary dismissals of stale claims, such dispositions are drastic and final. They should be entered only when the evidence before the court fully satisfies the standards required in the rule.

666 F.2d at 254–55 (footnote omitted).

■ If respondent is unable to prove his Rule 9(a) defense, the court must reach the merits of Hill's claim. The burden of proof in a habeas proceeding is always on the petitioner. *Henson v. Estelle,* 641 F.2d 250, 253 (5th Cir.), *cert. denied,* 454 U.S. 1056, 102 S.Ct. 603, 70 L.Ed.2d 593 (1981). Even if respondent cannot show sufficient prejudice to warrant a Rule 9(a) dismissal, evidence that has been lost or obscured due to the passage of time will make it more difficult for Hill to prove his case.

The district court erred in not notifying Hill that it was considering a final disposition of the case under Rule 9(a). In addition, respondent failed to meet his burden under Rule 9(a) in making a particularized showing of prejudice and proving that the prejudice resulted from Hill's delay. Therefore, this case is REVERSED and REMANDED for proceedings consistent with this opinion.

---

**6.** It is worth noting that one of Hill's claims is that his "attorney" was not a member of the Georgia bar.