Billy R. DILLARD,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden Louisiana
State Penitentiary, et al.,
Respondents-Appellees.

No. 85-4166
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1986.

Billy R. Dillard, pro se.

James D. Caldwell, Dist. Atty., Tallulah, La., George F. Fox, Jr., Lake Providence, La., for respondents-appellees.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Billy Dillard appeals the district court's dismissal of his *pro se* habeas petition under 28 U.S.C. § 2254. He asserts as grounds for reversal the same two issues he presented to the district court in his habeas application. First, he claims that the state denied him equal protection of the law by systematically using its peremptory challenges to exclude all blacks from the jury. Second, he claims that the state denied him due process of law by introducing evidence of another crime he had committed against the same victim. In addition, this court, in issuing a certificate of probable cause to Dillard, requested the parties to address two additional issues in their appellate briefs. Consequently, Dillard also claims that the district court erred when it dismissed his petition without having the entire state court records before it and that the court again erred by dismissing his petition without giving him prior notice that a dismissal was possible. Because we find no merit to any of Dillard's claims, we affirm.

## I.

Dillard was convicted by a Louisiana jury of murdering Anna Tatman and burning her home while she was inside. He was sentenced to death by electrocution. The Supreme Court of Louisiana affirmed Dillards' conviction but the United States Supreme Court struck down the state statute under which he had been sentenced, *Roberts v. Louisiana*, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), and he was re-sentenced to life imprisonment.

Dillard then petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that the trial court had improperly allowed the state to exclude blacks from his trial jury by use of peremptory challenges, and that evidence of Dillard's earlier guilty plea to a different crime had been improperly admitted at the state proceeding. The parties agree that Dillard has exhausted his state remedies. The district court denied Dillard's petition, stating that Dillard had not shown that blacks had been systematically excluded from his petit jury by the state's use of its peremptory challenges, and that the evidence of the earlier crime was admissible against Dillard to show similarity of method of the two crimes.

On appeal Dillard again raises the two claims argued before the district court. In addition, this court has requested the parties to brief the questions whether the district court properly dismissed the petition without having before it the entire state court record and whether the district court was required to give Dillard notice that his suit faced possible dismissal. We address each of these issues in turn.

## II.

Dillard, who is black, asserts that he was denied due process and equal protection of

the law "when blacks were systematically excluded from serving on his petit jury." Tatman, the victim, was white. Dillard states that he was convicted by an all white jury in a community where the proportion of blacks in the population indicates that blacks should have been represented on his petit jury. He requests this court to remand to the district court for an evidentiary hearing on this issue.

Dillard makes two allegations in support of his claim. First, he asserts, without stating facts to establish the assertion, that because there existed a certain amount of racial unrest between whites and blacks in Tatman's community at the time she was murdered, the prosecutor "was bent on keeping blacks off" the jury and used his peremptory challenges to this end. Second, he cites the fact that the prosecutor in his trial had once before been accused of denying a defendant an impartial jury due to systematic exclusion of a large group of black people from the general and petit jury veniles. Dillard admits that in the earlier case [1] the bills of exception were overruled, but insists that the testimonial and statistical evidence derived in that proceeding would be of use to him here.

■ The applicable standard from the leading Supreme Court case, *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), is that in order to pose the issue, a defendant must show the prosecutor's systematic use of peremptory challenges to exclude black jurors over a period of time. *Swain*, 380 U.S. at 227, 85 S.Ct. at 839.[2] A black defendant, or any defendant who is part of an identifiable group subject to prejudice in the community, is not entitled to demand a proportionate representation of his race on the jury that tries him, or even to be tried by a jury that contains members of his race. *Id.*, 380 U.S. at 203, 208, 85 S.Ct. at 826, 829. The purposeful consistent denial, however, of black participation in trial juries because of race is an impermissible violation of the Equal Protection Clause. *Id.*, 380 U.S. at 204, 85 S.Ct. at 826. The burden of proof on this issue is on the defendant challenging the jury selection procedure. In order to require an examination of the prosecutor's use of peremptory challenges, Dillard must show that the prosecutor has used the challenges systematically to exclude blacks from trial juries over a period of time. *Prejean v. Blackburn*, 743 F.2d 1091, 1104 (5th Cir.1984); *United States v. Durham*, 587 F.2d 799, 801 (5th Cir.1979). This burden must be met by the petitioner in order to establish a constitutional claim.

■ It is therefore fatal to Dillard's claim on appeal that in the memorandum incorporated into his habeas petition to the district court, he conceded he was "unable to show a systematic exclusion of blacks by the State over a period of time through its use of peremptory challenges." His position on appeal is essentially the same. He contends that if given a hearing, he could show that black people were deliberately excluded, through the use of peremptory challenges, from the petit jury that tried him, and that the same prosecutor had been previously accused of the same conduct. This evidence does not satisfy the showing required by *Swain* because it does not show a systematic use of peremptory challenges against blacks over a period of time. *Swain*, 380 U.S. at 227, 85 S.Ct. at 839. Dillard's claim that blacks were excluded from his trial jury is not enough to state a constitutional claim. Thus, even if Dillard is able to establish each of the facts he asserts that his evidence will show, he cannot, as a matter of law, prevail on the tainted jury issue. We therefore affirm the district court's dismissal of this claim.

### III.

■ Dillard's second contention on appeal is that his conviction ought to be set

---

1. *State v. Grey*, 257 La. 1070, 245 So.2d 178 (La.1971).

2. The question of when the use of peremptory challenges to exclude from a jury all people of a particular race constitutes a violation of a de-

fendant's fourteenth amendment rights is currently under review in this circuit. *See United States v. Leslie*, 759 F.2d 366 (5th Cir.), reh'g en banc granted, 761 F.2d 195 (5th Cir.1985). The rehearing en banc was held in September 1985.

aside because the state trial court erroneously admitted evidence of his previous guilty plea to a crime against the same victim that he has now been convicted of killing. When a federal court reviews state court evidentiary rulings on a petition for habeas corpus, it may grant relief only if there has been an infraction that renders the entire trial fundamentally unfair. *Banks v. McGougan,* 717 F.2d 186, 190 (5th Cir.1983). The evidentiary ruling challenged here clearly does not rise to the level of a constitutional violation.

Approximately two years before Tatman's murder, Dillard pleaded guilty to the attempted burglary of Tatman's home. In both crimes, the same investigating police officer found that the same screen had been removed from the same window, the same window had been tampered with, and the telephone wires had been separated in the same manner. The state courts admitted the evidence of the earlier crime and guilty plea because the similarity of the two methods helped to identify the defendant as the perpetrator of the offense charged.

■■ Both the Federal Rules of Evidence, Fed.R.Evid. 404(b), and Louisiana law, La. Rev.Stat.Ann. §§ 15:445 and 15:446 (West 1981), allow evidence of other crimes to be admitted for the limited purposes of demonstrating a defendant's intent, common plan or system, or knowledge. Because the state court complied with Louisiana law in admitting the evidence for the limited purpose of showing similarity of method, we find no violation of Dillard's rights, and certainly no constitutional infraction of any kind in regard to this issue.

## IV.

In granting Dillard's motion for certificate of probable cause, a judge of this court requested the parties to brief the issue whether the district court erred by dismissing Dillard's petition without having before it the entire state court record. Accordingly, Dillard states that he was denied a full and fair review of his claims because the district court had before it only those portions of the state court record that pertain to the two claims asserted in the writ application.

After Dillard filed his habeas petition, and after the state filed an answer supported by a memorandum brief, the federal magistrate, citing Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1982) (Habeas Corpus Rules), ordered the state to file "a certified copy of the state court record upon which petitioner's conviction and sentence are based and which are the bases for this writ application." Subsequently, the state communicated to the magistrate that the entire state court record in Dillard's case was so voluminous that duplication would be burdensome to the clerk of court and that it would cost "several thousands of dollars" to reproduce all of the material. The state offered instead to reproduce extracts of the state court record dealing with the two questions raised by Dillard in his petition. The court accepted these abbreviated transcripts and the district court judge relied upon those relevant portions of the record when he denied Dillard's application.

■■ Rule 5 of the Habeas Corpus Rules requires the state to attach to its answer to a habeas petition "such portions of the transcripts as the answering party deems relevant." A court may, on its own motion or upon the petitioner's request, order that further portions of the transcript be furnished. There is nothing in the statute or in the Habeas Corpus Rules that requires a district court to review a state court record in its entirety. Indeed, federal courts do not sit as courts of appeal and error for state court convictions. Whether it is necessary to examine all of the state court proceedings is a decision left to the discretion of the district court judge. Here the district court was satisfied to make its decision upon a review of relevant portions of the state record. Dillard neither objected nor requested that additional transcripts be furnished, and no prejudice has been shown. We therefore hold that no error has been committed.

*See, e.g., United States ex rel. Green v. Greer*, 667 F.2d 585 (7th Cir.1981).

## V.

Finally we reach the issue, also requested by this court to be briefed by the parties, whether the district court committed error by failing to give Dillard notice that his suit faced possible dismissal. Generally speaking, section 2254 habeas cases are governed by the Habeas Corpus Rules, 28 U.S.C. foll. § 2254. These rules are special ones governing collateral attacks on criminal convictions and are distinct from both the Federal Rules of Criminal Procedure and Federal Rules of Civil Procedure. This distinction is made because habeas corpus proceedings are a hybrid, being civil dispositions of already-resolved criminal matters. Thus, habeas cases are not automatically subject to the rules governing ordinary civil actions. *Schlanger v. Seamans*, 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 997–98 n. 4, 28 L.Ed.2d 251 (1971); *Harris v. Nelson*, 394 U.S. 286, 298, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969). Rule 11 of the Habeas Corpus Rules expressly states that the Federal Rules of Civil Procedure *may* be applied to habeas petitions to the extent that they are not inconsistent with the habeas rules. Rule 11, 28 U.S.C. foll. § 2254 (emphasis added).

Rule 4 of the Habeas Corpus Rules permits a federal district court judge to order the summary dismissal of a habeas petition without prior notice to the petitioner. This rule, however, only applies specifically when the district court dismisses the petition after examining only the petition and any attached exhibits.[3] The Habeas Corpus Rules do not indicate what procedure or standards are to be followed in the situation presented by Dillard's case, i.e., when the district court dismisses the petition on its own motion after examining not only the petition but also the state's answer with extraneous submitted materials, but without holding an evidentiary hearing.

In *Schlang v. Heard*, 691 F.2d 796 (5th Cir.1982), the district court considered matters outside the pleadings to rule on a Rule 12(b)(6) motion, Fed.R.Civ.P. 12(b)(6), that the state had filed in response to a habeas petition. We held that the court's consideration of matters outside the pleadings converted the motion for dismissal for failure to state a claim on which relief could be granted into a motion for summary judgment, and reviewed the ruling according to the standards applicable to a grant of summary judgment under Federal Rule of Civil Procedure 56(c). *Schlang* adopted only one aspect of subsection (c) of Rule 56, saying that a dismissal of a habeas application after matters outside the pleadings are reviewed is proper only when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law. *Schlang*, 691 F.2d at 798.

In *McDonnell v. Estelle*, 666 F.2d 246 (5th Cir.1982), we applied another aspect of Rule 56(c) to habeas cases. The state in *McDonnell* had filed a Habeas Corpus Rule 9(a) motion,[4] alleging it had been prejudiced by the petitioner's delay in filing his habeas application. We held that because the district court considered extraneous evidence in ruling on the state's Rule 9(a) motion to dismiss, the proceeding was converted into a motion for summary judgment. It was therefore error to dismiss the petition on a 9(a) motion without serving the petitioner

---

**3.** Rule 4 of the Habeas Corpus Rules, 28 U.S.C. foll. § 2254, provides in relevant part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate....

**4.** Rule 9(a) of the Habeas Corpus Rules, 28 U.S.C. foll. § 2254, provides:

> **Delayed Petitions**
>
> A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

with the motion at least ten days before the scheduled hearing. The Eleventh Circuit has held similarly. That court, citing *McDonnell,* held in *Hill v. Linahan,* 697 F.2d 1032 (11th Cir.1983), that Rule 56(c) entitled a habeas petitioner to notice that the state's Rule 9(a) motion would be treated as a motion for summary judgment. The *Hill* court remanded the case so that Hill could be given notice that his case might be dismissed under Rule 9(a) and an opportunity to present facts showing why the delay was excusable or not prejudicial. *Hill,* 697 F.2d at 1035.

The state argues here that *Hill,* and by inference *McDonnell,* are distinguishable from Dillard's case. The *Hill/McDonnell* question was whether a Rule 9(a) dismissal was appropriate, i.e., whether the delay prejudiced the state, and is a purely factual matter, while "only issues of law have been raised" by Dillard. *McDonnell* and *Hill* dealt with the Fed.R.Civ.P. 56(c) notice requirement specifically in relation to Habeas Corpus Rule 9(a) motions. The question raised by a Rule 9(a) motion is whether the petitioner is able to show lack of knowledge as an excuse for his lack of diligence in filing his petition. This is an intensely factual determination. Moreover, it relates particularly to facts that are largely within the exclusive knowledge of the petitioner. Thus, a court cannot rely on the state's representations in ruling on such a motion, and must give the petitioner a reasonable opportunity to present evidence in opposition to the dismissal motion. The notice requirement of Fed.R.Civ.P. 56(c) is therefore appropriate to such a case.

*McDonnell,* however, does not require notice before dismissal in every habeas case. Many habeas cases can be resolved on issues that are fully determinable from the record and from the law. The question facing us is whether the district court in this case was required to give Dillard ten days' notice before dismissing the petition. To resolve this question we look to the purpose and effect of the Rule 56(c) notice provision and ask whether Dillard has suffered any disadvantage by not having been given specific notice that his habeas petition might be dismissed finally as a summary judgment.

Dillard had two claims before the district court, the *Swain* issue and the evidentiary question discussed in Parts II and III of this opinion. He did not adduce the evidence required by *Swain* in the district court, but asked the court to rule in his favor based on the lack of representation of blacks on his jury and on the inconclusive history of his particular prosecutor. His second claim was an evidentiary question, capable of being determined by a consideration of the record and the state rules of evidence. After the district court dismissed his petition, Dillard made no objection or claim that he had received no notice prior to the dismissal, and he made no offer to adduce any evidence that was not already before the district court. On appeal, Dillard again did not raise the issue of lack of notice either directly or indirectly. Finally, when this court requested the parties to brief the issue, Dillard's response was to decline to argue the point because "the rules governing Section 2254 cases do not require notice prior to dismissal." Overall, Dillard has not at any time claimed that his rights were violated by a lack of notice of dismissal, and he has not shown to us or even argued that if notice had been given he would have been able to put on a stronger case to preclude dismissal.

The purpose of the notice provision in Rule 56(c) is to give the nonmoving party a reasonable opportunity to submit opposing material to create a genuine issue of material fact. Dillard did not object to the lack of notice because it would not have been to his advantage to do so. He fully submitted his case to the district court, and after the state filed its answer, memorandum, and record excerpts, Dillard submitted nothing further in support of his petition. At no point has he ever shown that he could adduce further evidence to preclude summary judgment.

We therefore hold that the ten day notice provided for in Fed.R.Civ.P. 56(c) is not required in habeas cases where the

petitioner never claims the benefit of notice, never claims to have been disadvantaged by the lack of notice, and where the court is satisfied that he has not been so disadvantaged. The judgment of the district court is AFFIRMED.