**Embery Jackson McBRIDE, Petitioner–Appellant,**

v.

**Bob SHARPE, Warden, Dodge Correctional Institution, Respondent–Appellee.**

**No. 91–8087.**

United States Court of Appeals, Eleventh Circuit.

Jan. 29, 1993.

See also 185 Ga.App. 271, 363 S.E.2d 802; 258 Ga. 321, 368 S.E.2d 758; 187 Ga.App. 857, 372 S.E.2d 308.

---

Charles E. Johnson, III, Berlin & Hodges, Macon, GA, for petitioner-appellant.

Paula K. Smith, Susan V. Boleyn, Atlanta, GA, for respondent-appellee.

Before FAY and KRAVITCH, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

We vacate the judgment for respondent and remand this § 2254 action for failure of the district court to comply with the ten-day notice requirement of Federal Rule of Civil Procedure 56(c) prior to granting summary judgment for respondent and dismissing petitioner's habeas corpus petition.

Embery J. McBride, a Georgia inmate, filed a pro se habeas corpus petition under 28 U.S.C. § 2254, challenging his state convictions for rape and aggravated sodomy on four grounds: ineffective assistance of counsel at trial; ineffective assistance of counsel on direct appeal; insufficient evidence to support the convictions; and permitting testimony of a witness who had not been on the State's witness list.

As required under Rule 5 of the Rules Governing Section 2254 Cases, the State submitted as exhibits the record from the trial, direct appeal, and state collateral attack. Pursuant to the show cause order of the court, the State also filed an answer and a brief addressing McBride's four grounds and asserting that no federal evidentiary hearing was required because McBride had received a full and fair hearing in the state courts on all four claims. McBride then filed a motion for appointment of counsel, a motion for documents and records at government expense, and a motion requesting an evidentiary hearing with a brief supporting that motion.

The district court, after a review of the record, determined that McBride had received a full and fair hearing in state court with effective assistance of counsel, and that a federal evidentiary hearing was not justified. The court dismissed McBride's petition for habeas corpus relief. No notice, however, was given McBride that the district court proposed to rule on the record.

When a district court considers matters outside of the pleadings in rendering judgment, the action is in the nature of an order granting summary judgment, *Wade v. Secretary of the Army*, 796 F.2d 1369, 1375 n. 8 (11th Cir.1986), and the court must comply with the summary judgment notice requirements of Federal Rule

of Civil Procedure 56(c). Before entering summary judgment against a party, particularly a pro se litigant, the district court must give that party "express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir.1985).

This Court has applied the summary judgment notice provisions to a § 2254 case involving laches. *Hill v. Linahan*, 697 F.2d 1032 (11th Cir.1983). An unpublished opinion has been cited to us in which this Court applied the ten-day notice rule in a § 2254 case asserting several grounds for relief. *Cannon v. Ford*, 935 F.2d 1295 [No. 90–8237, May 31, 1991]. While that decision is not binding, it is persuasive. 11th Cir.R. 36–2.

 Respondent cites Rule 8 of the Rules Governing Section 2254 Cases which permits the court to dispose of a petition after determining from the record that no evidentiary hearing is required. The Federal Rules of Civil Procedure apply to § 2254 cases unless they are inconsistent with the Rules Governing Section 2254 Cases. The ten-day notice requirement of Fed.R.Civ.P. 56(c) does not conflict with the judge's authority under Rule 8 of the Rules Governing Section 2254 Cases. The parties on both sides are entitled to ten days' notice before he exercises that authority.

We vacate and remand for further proceedings consistent with the ten-day notice requirement.

**VACATED AND REMANDED.**