IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50375
Summary Calendar
_____


RAY LYNN GERALDON,

                                        Petitioner-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 94-CV-320
- - - - - - - - - -
January 10, 1996
Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ray Lynn Geraldon appeals from the district court's order denying his petition for a writ of habeas corpus.  He argues that he received ineffective assistance of counsel at his state-court trial.

We have reviewed the record and the district court's order and find no reversible error regarding Geraldon's contentions that counsel was ineffective because he failed to cross-examine a witness about whether he had offered Geraldon an opportunity to

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

take a blood test, because he failed to impeach a witnesses's testimony that he had obtained information from Geraldon's driver's license, and because he denied Geraldon the right to appeal. Accordingly, the district court's judgment regarding those claims is AFFIRMED.

Regarding Geraldon's other contentions, the rules governing habeas corpus cases provide that the respondent carries the burden of indicating what proceedings have been transcribed and may be furnished and what proceedings have been recorded but not transcribed. The respondent also carries the burden of providing transcripts of proceedings that are relevant to the habeas petition. The district court may order production or transcription of any proceedings it deems relevant. RULES GOVERNING SECTION 2254 CASES IN THE U.S. DISTRICT COURTS, Rule 5; *see* *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

Additionally, "[a] federal habeas court must hold an evidentiary hearing if there are disputed facts and the petitioner did not receive a full and fair hearing in a state court, either at trial or in a collateral proceeding." *Wiley v. Puckett*, 969 F.2d 86, 98 (5th Cir. 1992). However, "[i]f the record is adequate to dispose of the claim, the federal court need not hold an evidentiary hearing." *Id*.

Geraldon contends that counsel was ineffective for failing to subpoena a videotape of his arrest and use it to impeach testimony regarding his arrest and call into question the accuracy of his sobriety test. It is conceivable that counsel was ineffective for failing to use the videotape to impeach

testimony about Geraldon's sobriety tests, if such a tape indeed exists. If the videotape revealed that the test occurred under unfavorable conditions and was conducted in cursory fashion, that conceivably could call into doubt the results of the test. On the record currently before this court, it is impossible to determine whether the outcome of Geraldon's trial might have been different had counsel been able to impeach the sobriety test. Additionally, the record contains no evidence regarding counsel's reasons for not using the videotape.

Geraldon also contends that counsel was ineffective for failing to object to the prosecutor's reference during closing arguments to a remark allegedly made by Geraldon that had been excluded from evidence before trial, because the statement was made before Geraldon was given his *Miranda* warnings. If the prosecutor referred to evidence that had been excluded, then Geraldon's right to a fair trial might have been violated. *See United States v. Neal*, 27 F.3d 1035, 1051 (5th Cir.), *cert. denied*, 115 S. Ct. 530 (1994), *and cert. denied*, 115 S. Ct. 1165 (1995). Counsel might have been ineffective for failing to object to such a reference. This court cannot review Geraldon's contention on the record currently before it.

Accordingly, we VACATE and REMAND the denial of Geraldon's petition regarding his contentions that counsel was ineffective because he failed to subpoena and use the alleged videotape and because he failed to object to the prosecutor's alleged remark. We direct the district court to order the transcription of the statement of facts of Geraldon's trial, the closing arguments at

the trial, if they are available for transcription, and any suppression hearing in Geraldon's case.  If transcripts are not available, the district court should order the parties to produce a narrative summary of those proceedings.  *See* RULES GOVERNING SECTION 2254 CASES IN THE U.S. DISTRICT COURTS, Rule 5.  After obtaining the transcript or narrative summary, the district court should consider whether a hearing is necessary on Geraldon's contentions.

AFFIRMED in part; VACATED and REMANDED in part.