# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30579

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2018

Lyle W. Cayce
Clerk

TONY DECLOUES,

      Petitioner - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

      Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1158

Before GRAVES and COSTA, Circuit Judges, and BENNETT, District Judge.[*]
PER CURIAM:[**]

A Louisiana jury convicted Tony Decloues for the murder of his mother and sentenced him to life in prison. After the district court denied Decloues's habeas petition, we authorized an appeal on two questions: (1) whether he was too incapacitated by drugs and sleep deprivation to knowingly and voluntarily waive his *Miranda* rights before confessing to the murder, and (2) whether the district court erred in rejecting the challenge to the *Miranda* waiver without reviewing the video of the confession. Based only on the procedural challenge

---

[*] District Judge for the Southern District of Texas, sitting by designation.
[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30579

Decloues brings to the incomplete record, we vacate the district court's denial of the petition and remand for the court to obtain and view the video.

Before making a recommendation on Decloues's habeas petition, the magistrate judge ordered the Orleans Parish District Attorney to file a copy of the "entire state court record." But there is no indication in the record before us, and the DA's office does not contend, that its submission included the video of the confession. After the magistrate judge issued a report recommending that the petition be denied, Decloues objected on the ground that the court should have watched the video before making that determination. *Contrast Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986) (holding the district court committed no error because Dillard "neither objected nor requested that additional [state court] transcripts be furnished"). The district court overruled that and other objections and denied the petition.

Because federal district courts reviewing habeas petitions are not acting as courts of appeal for state convictions, they are not required to review the state record "in its entirety." *Id.* Choosing whether to do so is left to the judge's discretion. *Id.* A court may make its habeas decision after reviewing only the relevant portions of the state record. *Id.*

So we have affirmed the denial of habeas petitions when the federal court did not have the complete record from the state court. *See Valdez v. Cockrell*, 274 F.3d 941, 956 (5th Cir. 2001). In *Valdez*, for example, the district court did not have a number of exhibits from the state trial. *Id.* at 956–57. But those it did have "form[ed] the basis for Valdez's central contention" and placed before the court materials essential to review the state court's decision. *Id.* at 956. Likewise, *Dillard* found no error when the district court reviewed only abbreviated transcripts and certain portions of the state court record because, in part, Dillard had not shown "prejudice." 780 F.2d at 513; *see also Tabler v. Stephens*, 588 F. App'x 297, 308 (5th Cir. 2014) (holding that the district court

2

had adequately considered the claims presented because Tabler was unable to show prejudice from an incomplete trial transcript).

But a federal habeas court cannot rely solely on the state court's opinion when deciding if that opinion clearly erred in its factfinding. In *Magouirk v. Phillips*, we were "at a loss to understand" how a meaningful sufficiency review could take place given that the district court did not possess a trial transcript. 144 F.3d 348, 362–63 (5th Cir. 1998). We explained that the deference federal courts must give to state court factfinding does not extend so far that "we may simply rely upon the state court decision [the defendant] identifies as denying his constitutional rights to support our conclusion that they were not violated." *Id.* at 363; *see also Nasby v. McDaniel*, 853 F.3d 1049, 1052–53 (9th Cir. 2017) (finding "no alternative" to remand because the district court relied on the facts as described by the Nevada Supreme Court instead of independently examining trial and evidentiary hearing transcripts or conducting a hearing of its own). Indeed, under AEDPA "state court fact findings may not be entitled to the same deference when the federal habeas record does not contain that portion of the state court record that it is required to establish the sufficiency of the evidence to support the state court's fact finding." *Magouirk*, 144 F.3d at 362 (citing 28 U.S.C. § 2254(e)).

The district court reviewing Decloues's petition had more material to review than just the Louisiana Court of Appeal's description of his confession. The state court record it received also includes testimony from a detective and doctor discussing whether Decloues appeared intoxicated when he confessed. Those records also contain a transcript of the suppression hearing showing that after viewing the video the state trial judge said, "It is very marginal to me, very marginal. I mean, what I see[] in that tape is somebody that is not really with us."

No. 16-30579

But the district court did not have access to the video. That recording is likely the most probative evidence for evaluating whether Decloues's *Miranda* waiver was knowing and voluntary. Although the court had before it multiple second-hand accounts, there is no complete substitute for video evidence. *Cf. Scott v. Harris*, 550 U.S. 372, 378–81 (2007) (assigning greater weight to facts evident in videos). That the video led the state trial judge to view the waiver question as a close one confirms its importance. The centrality of the video to Decloues's claim that he was incapacitated when he confessed makes this more like the cases finding the absence of certain records problematic.

\* \* \*

Without addressing Decloues's substantive *Miranda* claim, we VACATE the denial of the habeas petition and REMAND this matter so the district court can obtain and review the video of the confession.