**Embery Jackson McBRIDE,
Petitioner–Appellant,**

v.

**Bob SHARPE, Warden, Dodge
Correctional Institution,
Respondent–Appellee.**

No. 91–8087.

United States Court of Appeals,
Eleventh Circuit.

June 21, 1994.

Charles E. Johnson, III, Harris & James, Macon, GA, for appellant.

Paula K. Smith, Susan V. Boleyn, Asst. Attys. Gen., Atlanta, GA, for appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, HATCHETT, EDMONDSON, COX, BIRCH, DUBINA, BLACK and CARNES, Circuit Judges.[*]

COX, Circuit Judge:

## INTRODUCTION

This case concerns a federal habeas petition under 28 U.S.C. § 2254 (1988) and the rules of procedure applicable to such a petition. We granted rehearing en banc to decide whether a district court must comply with the notice provision of Rule 56(c) of the Federal Rules of Civil Procedure when considering dispositive rulings under Rule 8(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (1988) ("Habeas Rules").

In Part I of this opinion, we detail the background and extensive procedural history of this case. In Part II, we address the Rule 56(c) notice question. Finally, in Part III, we address the other issues raised by McBride on appeal.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. *Indictment and Trial*

A Muscogee County, Georgia grand jury charged Embery Jackson McBride by indictment with the November 1985 rape and aggravated sodomy of a fourteen-year-old girl,

---

[*] Judge Anderson did not participate in the consideration or decision of this case.

Senior U.S. Circuit Judge Fay, who was a member of the panel and the en banc court which heard oral argument in this case, took senior status on January 19, 1994, and has elected not to participate in this decision pursuant to 28 U.S.C. § 46(c). Senior U.S. Circuit Judge Roney has also elected not to participate in this decision pursuant to 28 U.S.C. § 46(c).

Judge Barkett became a member of the court after October 19, 1993, when this case was argued and taken under submission. She has elected not to participate in this decision.

P.C.E.[1] In addition, the indictment charged McBride with recidivism based upon his 1982 conviction for rape and aggravated assault. McBride was convicted on both counts following a jury trial in the Superior Court of Muscogee County in May 1986.

P.C.E. testified at trial that McBride offered to give her a ride home from a Columbus, Georgia game room at approximately 1:00 a.m. on the night in question. On the way, McBride gave a ride to a friend and stopped at a restaurant. P.C.E. said that instead of then taking her home, McBride drove to a secluded area, told her he had a knife, and ordered her to get in the back seat and to remove her clothes. She then told the court that McBride repeatedly raped her and forced her to perform oral sodomy before leaving her at home around 3:00 a.m. P.C.E. identified McBride as her assailant.

The emergency room physician who examined P.C.E. after the attack wrote in his medical report that he found abrasions indicating recent "aggressive" sexual intercourse. He testified to this effect at trial. His report also indicated that his staff recovered foreign pubic hairs and other material from P.C.E. and turned them over to Officer Hayes of the Columbus Police.

Sergeant Barker of the Columbus Police testified that she received a license plate number and description of a car from P.C.E. She subsequently traced this number and description to the 1984 Ford Mustang owned by McBride's mother. Detective Sergeant Hardaway also testified that he went to McBride's house to investigate the automobile. Hardaway looked in the car and noticed a bright pink sock on the floorboard of the passenger side of the car. He then knocked on the door of the McBride home. McBride's mother answered the door, acknowledged owning the 1984 Ford Mustang, and signed a consent form permitting Detective Hardaway to search the car. Hardaway searched the car, retrieved the pink sock he had noticed earlier, and impounded the car. P.C.E. testified that the sock retrieved by Detective Hardaway was one of the socks she had been wearing on the night she was raped.

Lastly, the prosecution offered the testimony of the victim in McBride's 1982 rape and aggravated assault convictions. The defense objected and moved for a mistrial on the ground that her name had not appeared on the prosecution's witness list as required by Ga.Code Ann. § 17–7–110 (Michie 1990) and Ga.Unif.Super.Ct.R. 30.3. The judge found that the Notice of Similar Occurrence, filed by the prosecution before trial pursuant to Ga.Unif.Super.Ct.R. 31.3, was sufficient to provide the defense with notice under the statute and made an exception to the requirement. The 1982 victim testified that McBride offered to give her a ride home late at night, but instead drove into the woods, threatened her with a knife, forced her into the back seat of the car, and repeatedly raped her. She fixed the location of the 1982 rape in the same part of town as the 1985 incident.

The defense presented the testimony of a Colonel Poles, who said he met P.C.E. at the game room after the incident. Poles said P.C.E. indicated that she had left her shoes and socks in McBride's car and had gotten in trouble with her parents for staying out late. According to Poles, P.C.E. said her parents told her to call the police. Poles said P.C.E. told him McBride did not rape her. On cross-examination, Poles admitted that he met McBride in jail, but asserted that his conversation with P.C.E. had occurred before meeting McBride.

McBride then testified in his own defense. He acknowledged meeting P.C.E. that night, but asserted that they had only talked. He denied raping P.C.E. or forcing her to perform oral sodomy. He said that they sat in his car for a while outside the game room talking, and that she removed her shoes and socks while in the car. The defense offered a photo McBride had taken of P.C.E. and a slip of paper with her address and phone number in her own handwriting. McBride claimed

---

1. To protect the victim's privacy, we refer to her by the initials P.C.E. *See, e.g., Sandoval v. Acevedo,* 996 F.2d 145, 147 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 307, 126 L.Ed.2d 255 (1993);

*United States v. Peden,* 961 F.2d 517, 519 n. 1 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 392, 121 L.Ed.2d 300 (1992).

that P.C.E. gave him her address and phone number before he left the game room's parking lot. McBride said P.C.E. got out of his car at the game room, and he returned home alone around 3:00 a.m.

After deliberating approximately two hours, the jury found McBride guilty of rape and aggravated sodomy. The judge sentenced McBride to two concurrent life sentences.

McBride, through newly appointed appellate counsel, filed a motion for a new trial on the grounds that the verdict was "contrary to the evidence and without evidence to support it," "against the weight of the evidence," and "contrary to law and the principles of justice and equity." Resp't Ex. 9 at 333. The trial court denied the motion. McBride then filed notice of appeal.

### B. Direct Appeal

McBride's new attorney presented two issues on appeal: (1) "The [v]erdict [was] contrary to evidence and justice, and ... against the weight of the evidence;" and (2) "Mr. McBride was deprived of the right of effective representation and confrontation by the State introducing the testimony of an unlisted witness during its case in chief." Resp't Ex. 1A at 3; Resp't Ex. 1B at 4. Sitting en banc, the Court of Appeals of Georgia reversed McBride's convictions on the ground that the State failed to notify the defense of a prosecution witness, the 1982 victim, as required by Ga.Code Ann. § 17–7–110 and Ga.Unif.Super.Ct.R. 30.3. *McBride v. State,* 185 Ga.App. 271, 363 S.E.2d 802 (1987).

The Supreme Court of Georgia, however, reversed the Court of Appeals. Primarily due to the Notice of Similar Occurrence filed by the prosecution pursuant to Ga.Unif.Super.Ct.R. 31.3, which contained the 1982 victim's identity, the court held that "the admission of the testimony of this witness was not in contravention of OCGA § 17–7–110, or otherwise error." *State v. McBride,* 258 Ga. 321, 368 S.E.2d 758, 759 (1988) (citations omitted); *see also McBride v. State,* 187 Ga.App. 857, 372 S.E.2d 308 (1988) (adopting judgment of the Supreme Court on remand). McBride subsequently filed pro se an Application for Writ of Habeas Corpus in the Superior Court of Dodge County, Georgia.

### C. Collateral Review

#### 1. State Habeas

In his state habeas proceeding, McBride asserted claims of ineffective assistance of counsel at trial and on appeal. He contended that the performance of counsel was deficient in the following respects:

(a) Trial counsel rendered ineffective assistance of counsel at trail [sic] in that:

(1) he failed to investigate and interview the State's witness ... prior to trial;

(2) he failed to request a continuance to interview her prior to her testimony;

(3) he failed to cross-examine her after she gave her testimony at trial;

(4) he failed to conduct an adequate investigation concerning the medical report;

(5) trial counsel failed to properly investigate the impoundment and search of his mother's car; and

(6) trial counsel failed to interview prior to trial Officer Hayes;

(b) Counsel was ineffective on appeal in that:

(1) he failed to allege that trial counsel was ineffective;

(2) he failed to raise the issue of sufficiency of the evidence; and

(3) he failed to consult with petitioner and advise him of the issues to be raised on appeal.

Resp't Ex. 10 at 1–2. In support of his claims, McBride filed a number of exhibits, including the transcript of his 1986 trial.

The Superior Court of Dodge County held a hearing on McBride's application and received testimony from McBride, his trial counsel and his appellate counsel. It subsequently entered a detailed written order containing its findings of fact and conclusions of law. The court found McBride's claims without merit and denied relief.

## 2. Federal Habeas

### a. District Court

In his federal habeas petition, McBride challenged his convictions on four grounds: (1) he received ineffective assistance of counsel at trial; (2) he received ineffective assistance of counsel on direct appeal; (3) there was insufficient evidence to sustain a conviction; and (4) the trial court incorrectly admitted testimony by a witness not named on the State's witness list. Respondent Bob Sharpe filed an answer on behalf of the State of Georgia denying any violation of McBride's constitutional rights and promising to submit a brief and record excerpts. McBride then filed motions seeking appointment of counsel, provision of documents at government expense, and an evidentiary hearing. He submitted a brief in support of his motion for an evidentiary hearing.

Sharpe subsequently filed his brief along with record excerpts from McBride's trial, direct appeal, and state habeas corpus proceedings as required by Habeas Rule 5. His answer and brief included a prayer that the court deny the relief requested and enter judgment in his favor. Sharpe based his legal arguments on facts in the record and raised no issues requiring a factual inquiry outside the record.

The district court denied McBride's motion for an evidentiary hearing and sua sponte issued a memorandum opinion and judgment denying relief and dismissing the petition. Relying exclusively upon the record excerpts, the court concluded that McBride received a full and fair hearing in the state courts and that he was not entitled to an evidentiary hearing in federal court. Regarding McBride's claim of ineffective assistance of counsel at trial, the court stated that it made an independent review of the record and determined that McBride received effective assistance of counsel at trial. The district court gave McBride no notice that it was considering a final disposition of his petition.

### b. Appeal

McBride then appealed the district court's judgment dismissing his petition to this court. In his pro se brief, McBride asserts that the district court erred in denying relief on the four grounds raised in his petition and in not appointing counsel for him. After receiving McBride's pro se brief, we appointed counsel to represent him on appeal. Counsel then asserted that the district court also committed reversible error in failing to comply with the ten-day notice provision of Fed.R.Civ.P. 56(c) before dismissing McBride's petition.

The prior panel reversed the judgment of the district court based solely upon the district court's failure to give McBride ten days' notice pursuant to Rule 56(c). *McBride v. Sharpe*, 981 F.2d 1234 (11th Cir.1993), *vacated and reh'g en banc granted*, 999 F.2d 502 (11th Cir.1993). The panel did not reach the other issues raised in McBride's pro se brief.

## II. RULE 56(c) NOTICE AND HABEAS RULE 8(a)

### A. Issue on Appeal

The Federal Rules of Civil Procedure apply in habeas corpus proceedings "to the extent that they are not inconsistent with" the Habeas Rules. Rule 11, Rules Governing § 2254 Cases; *see also* Fed.R.Civ.P. 81(a)(2). The threshold issue here is whether the ten-day notice provision of Rule 56(c) is inconsistent with a Habeas Rule 8(a) disposition when the parties do not raise issues requiring a factual inquiry outside the record and the district court does not rely on material outside the record. This circuit has not previously addressed this question in a published decision.[2]

### B. Standard of Review

■ The applicability of the ten-day notice provision of Fed.R.Civ.P. 56(c) in a Habeas

---

**2.** *Cannon v. Ford,* 935 F.2d 1295 (11th Cir.1991), treated the issue presented here, but with little discussion. As an unpublished decision, it is not binding precedent. 11th Cir.R. 36–2. Contrary to McBride's assertion, our published opinion in *Heath v. Jones,* 863 F.2d 815 (11th Cir.1989), did not address the issue presented here. In *Heath,* we did not find error when the district court chose to comply with Rule 56(c). *Id.* at 818–19. The issue in this case is whether the district court is *required* to comply with Rule 56(c).

Rule 8(a) disposition is a question of law. Questions of law are subject to de novo review. *United States v. Garrett,* 3 F.3d 390, 390 (11th Cir.1993).

### C. *Discussion*

Rule 8(a) of the Habeas Rules provides for disposition of a habeas petition where an evidentiary hearing is not required. The rule provides:

> (a) **Determination by court.** If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Rule 8(a), Rules Governing § 2254 Cases.[3] Although the district court does not cite the Habeas Rules in its order, we construe the district court's denial of relief and dismissal as a Habeas Rule 8(a) disposition.

McBride likens the district court's action to a sua sponte dismissal under Rule 12 of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits a district court to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Rule 12 also provides, however, that the court's consideration of "matters outside the pleading[s]" transforms the dismissal into a summary judgment proceeding under Rule 56. Fed.R.Civ.P. 12(b). Thus, McBride contends that the district court's dismissal was actually a grant of summary judgment in favor of Sharpe under Rule 56.

Rule 56(c) requires at least ten days' notice before the court may rule on a motion for summary judgment. It provides, in pertinent part:

> (c) **Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing

may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). We have held that the consideration of "matters outside the pleading[s]" under Rule 12 triggers the notice provision of Rule 56(c). *See Property Management & Invs., Inc. v. Lewis,* 752 F.2d 599, 605 (11th Cir.1985). Moreover, when a pro se litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default. *See United States v. One Colt Python .357 Cal. Revolver,* 845 F.2d 287, 289 (11th Cir. 1988); *Farred v. Hicks,* 915 F.2d 1530, 1534 (11th Cir.1990).

Only one other circuit has directly addressed the applicability of Rule 56(c) notice in a Habeas Rule 8(a) disposition. In *Dillard v. Blackburn,* 780 F.2d 509 (5th Cir. 1986), the Fifth Circuit distinguished Habeas Rule 8(a) cases from Habeas Rule 9(a) cases and found that the ten-day notice provision of Rule 56(c) did not automatically apply in Rule 8(a) cases. *Id.* at 514–15. Instead, the court focused on prejudice to the petitioner and held that Rule 56(c) notice was not required "where the petitioner never claims the benefit of notice, never claims to have been disadvantaged by the lack of notice, and where the court is satisfied that he has not been so disadvantaged." *Id.* at 515–16.

It appears, however, that the Fifth Circuit has since moved from the standard laid down in *Dillard* toward a more "bright line" rule. In *Young v. Herring,* 938 F.2d 543, 555 (5th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992), the petitioner contended that the district court's denial of two of his claims "violated the notice requirements of Rules 12(b) and 56(c) of the Federal Rules of Civil Procedure," because

---

**3.** Throughout this opinion, we use the term "record" to include "the transcript and record of state court proceedings." *See* Rule 5, Rules Governing § 2254 Cases (providing that relevant transcripts shall be attached to the answer).

the district court failed to give him notice before its summary denial. *Id.* at 561. The court noted that the Rules of Civil Procedure only apply " 'to the extent that they are not inconsistent with [the rules governing § 2254 cases],' " and concluded that Habeas Rule 8(a) provided for summary dismissal after the answer and record had been filed. *Id.* (quoting Rule 11, Rules Governing § 2254 Cases). Thus, it held that the "petition was ripe for disposition ... without regard to [petitioner's] motion for summary judgment, and the district court did not err by deciding those claims." *Id.* at 561–62.[4]

■ In determining whether the notice provision of Rule 56(c) is consistent with the Habeas Rules, we look to "the overall framework of habeas corpus." Rule 11, Rules Governing § 2254 Cases advisory committee's note; *Anderson v. Butler,* 886 F.2d 111, 113 (5th Cir.1989). As a general principle, Rule 56 of the Federal Rules of Civil Procedure is applicable in habeas corpus cases. *See* Rule 11, Rules Governing § 2254 Cases; Fed.R.Civ.P. 81(a)(2); *Maynard,* 943 F.2d at 412. Moreover, this court has previously found the ten-day notice provision of Rule 56(c) applicable to habeas cases in certain situations.

In *Hill v. Linahan,* 697 F.2d 1032 (11th Cir.1983), we adopted the Fifth Circuit's reasoning in *McDonnell v. Estelle,* 666 F.2d 246 (5th Cir.1982), and applied the notice requirement of Rule 56(c) to a motion to dismiss under Habeas Rule 9(a).[5] *Hill,* 697 F.2d at 1034. In *Hill,* the district court's reliance on matters outside the pleadings transformed the Habeas Rule 9(a) motion into a motion

for summary judgment under Rule 56. Relying in part on the Advisory Committee's statement that the district court "ought to afford petitioner an opportunity to explain his apparent abuse," Rule 9, Rules Governing § 2254 Cases advisory committee's note, we held that "Hill was entitled to notice that the state's request for a Rule 9(a) dismissal would be treated as a motion for summary judgment and an opportunity to offer evidence in opposition to the motion." *Hill,* 697 F.2d at 1034–35.

In *Allen v. Newsome,* 795 F.2d 934 (11th Cir.1986), however, we found the district court's consideration of matters outside the pleadings under Habeas Rule 9(b) insufficient to trigger the Rule 56(c) notice required by *Hill.*[6] The district court in *Allen* reviewed the record and the petitioner's first habeas petition to find that five of the claims alleged in his second petition were successive and therefore barred. *Id.* at 938. Because the district court could take judicial notice of the first petition and the petitioner knew the contents of his first habeas petition, we concluded that the district court did not have to comply with Rule 56(c). *Id.* Moreover, we noted that Allen's second petition did not allege any facts that would have compelled the district court to reevaluate his previously asserted claims. *Id.*

One reason for the disparate results in *Hill* and *Allen* lies in the difference between the two subsections of Habeas Rule 9. Habeas Rule 9(a) "is based on the equitable doctrine of laches." Rule 9(a), Rules Governing § 2254 Cases advisory committee's note. The inquiry under this provision focuses on whether the petitioner's delay has prejudiced

---

**4.** McBride cites the Fourth Circuit's decision in *Maynard v. Dixon,* 943 F.2d 407, 412 (4th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1211, 117 L.Ed.2d 450 (1992), to support his contention that Rule 56(c) should apply in a Habeas Rule 8(a) disposition. That case, however, concerned only the application of Rule 56(e) and did not address the applicability of Rule 56(c).

**5.** Habeas Rule 9(a) provides:

(a) **Delayed Petitions.** A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have

had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.
Rule 9(a), Rules Governing § 2254 Cases.

**6.** Habeas Rule 9(b) provides:

(b) **Successive petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
Rule 9(b), Rules Governing § 2254 Cases.

the state and whether the petitioner can show an excuse for his delay. As the Fifth Circuit noted,

> This is an intensely factual determination. Moreover, it relates particularly to facts that are largely within the exclusive knowledge of the petitioner. Thus, a court cannot rely on the state's representations in ruling on such a motion, and must give the petitioner a reasonable opportunity to present evidence in opposition to the dismissal motion. The notice requirement of Fed.R.Civ.P. 56(c) is therefore appropriate to such a case.

*Dillard,* 780 F.2d at 515.

Habeas Rule 9(b), on the other hand, concerns successive petitions and "abuse of the writ." [7] In *Allen,* the district court relied exclusively on the record from an earlier petition to determine that five claims were successive. *See Allen,* 795 F.2d at 937. Because the court could judicially notice the first petition and the petitioner already knew its contents, we found it unnecessary to give him notice under Rule 56(c). *Id.* at 938.[8]

■ In this case, McBride already knew the contents of the record excerpts before the district court because he was a party in the prior state court proceedings. He does not contend that anything in the record excerpts was inaccurate, incomplete, or misleading.[9] After the district court reviewed the record and determined that an evidentiary hearing was not required, Habeas Rule 8(a) authorized the court to "make such disposition of the petition as justice shall require." Rule 8(a), Rules Governing § 2254 Cases.

McBride's habeas petition was therefore "ripe for disposition" without regard to Rule 56(c). *Young,* 938 F.2d at 561. There would have been little utility in providing him with Rule 56(c) notice.[10] Indeed, Rule 56(c) notice, with an invitation to file evidentiary material, would frequently serve only to confuse a habeas petitioner as to the status of his petition. This is inconsistent with the purpose of Habeas Rule 8(a), which is intended to permit the district court to dispose of a habeas petition "as justice shall require" after reviewing the record and determining that no evidentiary hearing is needed.

■ Finally, after carefully reviewing McBride's pro se brief and the brief filed by his counsel, we note that McBride does not argue that the district court denied him due process by failing to give him notice that it was considering disposition of his petition under Habeas Rule 8(a). He simply argues that the district court violated Rule 56(c). At oral argument, the State acknowledged that Habeas Rule 8 has a due process component. However, because McBride does not present a due process argument and the question has not been briefed by either party, we will not consider that issue today. *See Bray v. Director, Office of Workers' Compensation Programs,* 664 F.2d 1045, 1048–49 (5th Cir. Unit B Dec. 1981) ("[W]e will not consider an

---

7. "Successive" petitions raise claims that were raised and rejected in a previous petition. "Abusive" petitions typically raise new claims that could have been raised in a previous petition. *See Kuhlmann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (plurality opinion); *Glumb v. Honsted,* 891 F.2d 872, 873 (11th Cir.1990).

8. We do not read *Allen* to say that no notice is required under Habeas Rule 9(b); *Allen* simply held Rule 56(c) notice inapplicable. Indeed, we later reversed a district court for dismissing a petition sua sponte pursuant to Habeas Rule 9(b) without providing any notice or reasonable opportunity to respond. *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir.1987). The applicability of Rule 56(c) notice was not an issue in that case.

9. Had he wished to do so, McBride could have filed a traverse to the answer. *See* Rule 5, Rules Governing § 2254 Cases advisory committee's note (endorsing traverse when "truly useful"). The Habeas Rules also provide a petitioner with an opportunity to admit or deny the correctness of any materials, including affidavits, submitted as part of an expanded record. *See* Rule 7(c), Rules Governing § 2254 Cases.

10. Indeed, when asked at oral argument what McBride wanted to submit to the district court pursuant to Rule 56(c), counsel pointed to legal, not evidentiary, material. Counsel stated that McBride "wanted to submit a brief in opposition to the motion for summary judgment arguing that the law is such that there is a disputed factual issue."

issue which has not been briefed.")[11]

## III.  OTHER ISSUES ON APPEAL

■ As we noted previously, McBride received a habeas corpus hearing in Georgia state court.  The state court denied relief in a written order detailing its findings of fact and conclusions of law.  In a federal habeas case, a written finding made by a state court of competent jurisdiction after a hearing on the merits of a factual issue in a proceeding to which the petitioner and the state were parties shall be presumed to be correct unless a statutory exception applies.  28 U.S.C. § 2254(d).  A review of the transcript and exhibits from McBride's state habeas proceeding satisfies us that the district court properly concluded that none of the statutory exceptions to the presumption of correctness are applicable,[12] and thus we accept the state court's findings of fact as we address the other issues McBride raises in his pro se brief.  Of course, the statutory presumption of correctness applies only to findings of historical fact made by the state court, not to mixed determinations of law and fact.  *See Endress v. Dugger,* 880 F.2d 1244, 1249 (11th Cir.1989), *cert. denied,* 495 U.S. 904, 110 S.Ct. 1923, 109 L.Ed.2d 287 (1990).  The latter "merit[ ] independent consideration in a federal habeas corpus proceeding."  *Id.*

### A.  *Denial of Counsel*

■ McBride contends in his pro se brief that the court erred in not appointing counsel for him because of his indigence and suggests that this denial of counsel deprived him of a full and fair hearing.  It is unclear from his brief whether McBride is challenging the denial of counsel in the district court or in the state habeas court.  Because we construe pro se briefs liberally, however, *see Saleem v. Evans,* 866 F.2d 1313, 1315 & n. 2 (11th Cir.1989), we interpret McBride's brief to challenge the denial of counsel in both his state habeas and federal habeas proceedings.

■ The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."  *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) (citation omitted); *Whidden v. Dugger,* 894 F.2d 1266, 1267 (11th Cir.), *cert. denied,* 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990).  Thus, the state habeas court did not commit constitutional error in denying McBride's request for counsel.

■ In federal habeas proceedings, appointment of counsel prior to an evidentiary hearing is necessary only when due process or the "interests of justice" require it.  18 U.S.C. § 3006A(a)(2)(B) (1988); *Hooks v. Wainwright,* 775 F.2d 1433, 1438 (11th Cir. 1985), *cert. denied,* 479 U.S. 913, 107 S.Ct. 313, 93 L.Ed.2d 287 (1986).  Based upon the facts of this case, however, we cannot say that due process or the "interests of justice" required the appointment of counsel.  Therefore, the district court did not err in declining to appoint counsel for McBride.

### B.  *Testimony of Unlisted Prosecution Witness at Trial*

■ McBride again raises the issue of the admission of testimony from the 1982 victim, whose name did not appear on the prosecution's witness list pursuant to Ga.

---

11.  The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981.  *Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 34 (11th Cir. 1982).

12.  In the district court, McBride contended that the state habeas court's fact-finding procedure was inadequate because the court adopted a proposed order prepared by the state's counsel.  However, in *Campbell v. Wainwright,* 738 F.2d 1573 (11th Cir.1984), *cert. denied,* 475 U.S. 1126, 106 S.Ct. 1652, 90 L.Ed.2d 195 (1986), we held

that a federal habeas petitioner's allegation of improper ex parte contact between a judge and state attorneys in drafting a proposed order in a prior state collateral attack proceeding did not deprive the petitioner of a fair hearing or necessitate an evidentiary hearing when there was "no indication that the judge was doing anything other than receiving the proffered order from the state's attorneys."  *Id.* at 1576.  As in *Campbell,* the state habeas court's adoption of the state's proposed order here did not deprive McBride of a full, fair and adequate hearing.

Code Ann. § 17–7–110 and Ga.Unif.Super.Ct.R. 30.3. This question was decided adversely to McBride on direct appeal. *State v. McBride,* 368 S.E.2d at 759. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (citations omitted); *see Beverly v. Jones,* 854 F.2d 412, 416 (11th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2104, 104 L.Ed.2d 665 (1989). The defense was on notice as to the 1982 victim's identity through the prosecution's Notice of Similar Occurrence filed pursuant to Ga.Unif.Super.Ct.R. 31.3. No cognizable constitutional claim is presented.

### C. *Sufficiency of the Evidence*

█ Our recitation of the evidence presented at his trial makes it apparent that McBride's contention that there was insufficient evidence to convict him is frivolous. The victim herself testified that McBride raped her and forced her to perform oral sodomy. There was clearly sufficient evidence for the jury to convict McBride.

### D. *Ineffective Assistance of Counsel at Trial*

McBride contends that trial counsel was ineffective in failing to investigate and interview the 1982 victim, failing to request a continuance prior to her testimony, and failing to cross-examine her. He further claims that counsel failed to adequately investigate the automobile and the medical report, and failed to interview Officer Hayes.

█ To establish ineffective assistance of counsel, McBride must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been dif-

ferent. *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984). The state habeas court's conclusion that McBride's counsel was not ineffective is not binding here because ineffective assistance "is a mixed question of law and fact." *Id.* at 698, 104 S.Ct. at 2070. As we noted above, however, the state habeas court's findings of historical fact are presumed to be correct.

█ The state habeas court found that the 1982 victim's "whereabouts were unknown both by the State and the defense" prior to trial. Resp't Ex. 10, Finding of Fact 7. Given this circumstance, the state court found that it was impossible for McBride's attorney to interview her prior to trial. The state habeas court found that trial counsel's decisions not to ask for a continuance and not to cross-examine the 1982 victim were tactical decisions. These findings are entitled to a presumption of correctness, *see Thames v. Dugger,* 848 F.2d 149, 151 (11th Cir.1988), and are supported by the record.

█ Regarding Officer Hayes and the medical report, McBride contends that trial counsel should have had forensic tests performed on the foreign pubic hairs found on P.C.E., which could have revealed that they were not his. Trial counsel stated that as retained counsel, he did not have the funds for forensic tests, and that the hairs were not introduced as evidence by the prosecution. McBride offers no evidence to establish that a forensic examination of the pubic hairs would have shown that he was not involved.

█ McBride also contends that trial counsel should have further investigated the search and impoundment of his mother's automobile. He does not argue that the search violated the Fourth Amendment or that the pink sock found in the car should not have been admitted. Rather, he argues that counsel should have investigated the car further, which could have established that there was no evidence to show that P.C.E. had been in the back seat of the car, where she said the rape occurred. McBride offers no evidence

to establish that further examination of the automobile would have shown that P.C.E. had not been in the back seat of the automobile.

We find no merit in McBride's assertion that trial counsel was ineffective. It was impossible to locate the 1982 victim before trial. The decisions not to ask for a continuance and not to cross-examine the 1982 victim were clearly informed tactical choices. McBride's unsupported assertions about what further investigation of the medical report and automobile could have revealed do not establish a reasonable probability that the result of his trial would have been different. We therefore conclude that McBride has failed to establish ineffective assistance of counsel at trial under *Strickland.*

E. *Ineffective Assistance of Counsel on Appeal*

■ McBride's assertions regarding ineffective assistance of counsel on appeal are equally meritless. McBride contends that his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal or in his motion for a new trial, for failing to raise insufficiency of the evidence as a ground for appeal, and for failing to consult with McBride concerning the appeal.

Appellate counsel testified in the state habeas hearing that he had a great deal of appellate experience, having handled over 130 appeals. He recalled McBride's case as one of the "more promising" he had handled due to the prosecution's failure to list the 1982 victim. He stated that he only raised two issues on appeal because he thought the failure to list the 1982 victim was clearly meritorious, and he did not want to clutter the brief with weak arguments. He said that he did, however, raise sufficiency of the evidence as an issue on appeal. The state habeas court found that counsel did raise sufficiency of the evidence, and a review of McBride's Enumeration of Errors and Brief in the Georgia Court of Appeals confirms that finding.

■ Appellate counsel testified that he investigated the issue of ineffective assistance of trial counsel but subsequently chose not to raise it because he saw no basis for asserting that trial counsel had been ineffective. According to McBride's appellate counsel, the record developed by trial counsel was "perhaps the most effective record I ever had." Resp't Ex. 9 at 75. He also testified that he did not discuss the appeal with McBride personally because he was confined to the trial record and, in his professional opinion, further discussion would not have been helpful.

McBride has not shown that any of appellate counsel's actions were deficient or prejudicial to his case. The district court did not err in denying relief on this claim.

CONCLUSION

■ We find Rule 56(c) notice inconsistent with a Habeas Rule 8(a) disposition when the parties do not raise issues requiring a factual inquiry outside the record and the district court does not rely on material outside the record in disposing of the petition. Thus, we hold that the ten-day notice requirement of Rule 56(c) does not apply to such a disposition pursuant to Habeas Rule 11.

After a thorough review of the other issues raised by McBride on appeal, we find no error in the district court's denial of relief and dismissal of his petition. We therefore affirm the judgment of the district court.

AFFIRMED.