[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------

No. 05-11852
Non-Argument Calendar

--------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  Nos.
04-14208-CV-KMM & 02-14056-CR-KMM

FRANCISCO GONZALEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(August 3, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Francisco Gonzalez, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to vacate sentence, 28 U.S.C. § 2255. No reversible error has been shown; we affirm.

In his Section 2255 motion, Gonzalez claims (i) his trial counsel was ineffective because he failed to discuss the presentence investigation report ("PSI") with him before filing objections and in advance of the sentencing hearing; and (ii) his appellate counsel was ineffective because appellate counsel failed to raise a claim based on the ineffective performance of trial counsel.[1] The magistrate judge recommended the motion be denied. The magistrate judge noted that all the substantive sentencing issues Gonzalez has argued as ones that ought to have been raised in objections to the PSI and at the sentencing hearing, in fact, were raised by trial counsel; Gonzalez had not shown that the sentence imposed would have been different had trial counsel earlier spoken with Gonzalez. About appellate counsel's performance, the magistrate judge noted that appellate counsel had argued error based on the claimed failure to discuss the PSI with Gonzalez and that, in any event, as a general rule, a claim of ineffective assistance of trial counsel is raised properly in a section 2255 motion and not on direct appeal. See

---

[1] The habeas petition was amended to include a third claim, but that claim is not raised in this appeal.

Massaro v. United States, 123 S.Ct. 1690, 1694 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

The district court denied the motion to vacate for "the reasons stated in the report of the Magistrate Judge and upon independent review of the file." This Court granted Gonzalez a certificate of appeal ("COA") on a single issue: whether the district court failed to address all of the ineffective assistance of trial counsel claims raised in Gonzalez's section 2255 motion in violation of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992).[2]

Clisby directs district courts to "resolve all constitutional claims presented in a petition for habeas corpus pursuant to 28 U.S.C. § 2254 ... before granting or denying relief." Id. at 927-28. Assuming that Clisby applies in the section 2255 context -- the applicability of which this Court has not yet determined -- we see no Clisby violation. The magistrate judge's report determined that "all" of Gonzalez's ineffective assistance of trial counsel claims were without merit. The district court also considered these claims; after independent review and for the

---

[2]The government argues that Gonzalez has abandoned the Clisby claim because his brief argues the substantive merits of issues not included in the COA and does little more than list the Clisby issue. We construe appellate briefs drafted without the assistance of counsel liberally; the Clisby claim was raised sufficiently to allow our consideration. See McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994). We give no consideration to the substantive issues raised that fall outside the scope of the COA.

reasons stated by the magistrate judge, the district court found no constitutional

violation.  No <u>Clisby</u> violation has been shown.

AFFIRMED.