[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13634
Non-Argument Calendar

_____

D. C. Docket No. 02-00102-CR-RV-3-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THERESA F. BULLARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 7, 2007)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Bullard, who is serving a 108-month sentence for conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana, filed a pro se motion, pursuant to Federal Rule of Civil Procedure "52(a)(c) 60(b)," for declaration of the district court's findings of fact and conclusions of law, as related to the court's previous order denying her motion to dismiss for lack of jurisdiction. The district court denied the motion and Bullard appeals from that order. For the reasons set forth more fully below, we affirm.

## I. Background

Bullard pled guilty to the above-mentioned offense in November 2002. Bullard's presentence investigation report ("PSI") recommended a two-level increase in her base offense level, pursuant to U.S.S.G. § 2D1.1(b)(1), because her accomplice possessed a firearm in connection with the drug offense. Bullard did not object to the PSI's recommendation of the two-level increase. The district court applied the increase as recommended in the PSI and sentenced Bullard to 108 months' imprisonment. Bullard did not directly appeal her conviction or sentence.

In January 2004, Bullard filed a motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255, arguing that the firearm enhancement to her offense level was not supported by the facts of her case. The district court denied her § 2255 motion in December 2004. On January 3, 2006, Bullard filed a

2

"motion to eliminate enhancements and reduce sentence" on the ground that the

Supreme Court's decision in Booker[1] required a finding that her sentencing

enhancements were improperly based upon the court's factual findings that were

neither admitted by Bullard nor found by a jury beyond a reasonable doubt.  After

the government's response that Bullard's motion was an attempt to circumvent

§ 2255's second or successive motion requirements, the district court denied the

motion without opinion on January 17, 2006.

Bullard next filed a "motion under Rule 52 F.R.CIV.P.," on March 21, 2006,

requesting that the court make factual findings and conclusions of law as to her

"motion to eliminate enhancements and reduce sentence."  The government again

responded that Bullard's motion was an attempt to circumvent § 2255's successive

filing requirements and that Booker was not retroactively applicable on collateral

review.  On April 7, 2006, the district court denied the motion under Rule 52 "for

all of the reasons set out in the Government's response."

On April 10, 2006, Bullard filed a "motion to dismiss for lack of territorial

jurisdiction" and a "motion to provide for inspection of jury list in support of

future motion to dismiss grand jury indictment pursuant to Title 28 U.S.C.

§ 1867(a) and (f)."  The district court denied the motions without opinion on April

---

[1]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

13, 2006. On April 27, 2006, Bullard filed a "motion under Rule 52(a)(c) 60(b) findings of fact and conclusions of law," requesting that the court provide its reasoning for denying her previous motion to dismiss for lack of jurisdiction. The government requested that the court deny the motion. On June 5, 2006, the court denied the "motion under Rule 52(a)(c) 60(b)," stating that it had "proper jurisdiction over the defendant and the subject offense." Bullard now appeals "from the order on June 05, 2006."

## II. Discussion

Bullard argues in her pro se brief that she has appealed from the district court's order that denied her motion for a statement of reasons as to the court's denial of her "motion to eliminate enhancements and reduce sentence." She maintains that the district court erred in denying her motion to eliminate the firearm sentencing enhancement because that enhancement was based upon judge-found facts, which violated Booker. Bullard also contends that the district court erroneously denied her the opportunity to prove her actual innocence of the facts supporting the firearm sentencing enhancement. She argues that the district court should remove the § 2D1.1 firearm enhancement from her offense level calculation and should resentence her in accordance with the new guideline range.

This Court is "obligated to inquire into subject-matter jurisdiction sua sponte

4

whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). Here, according to Bullard's notice of appeal, she explicitly appeals from the district court's order denying her "motion under Rule 52(a)(c) 60(b) findings of fact and conclusions of law," which requested clarification of the court's denial of her motion to dismiss for lack of territorial jurisdiction. Nevertheless, she implies in her appellate brief that she appeals the denial of her motion for a statement of reasons and clarification as to her previous "motion to eliminate enhancements and reduce sentence," and she goes on to argue issues regarding the substance of that motion to reduce her sentence. Given this discrepancy, we must determine the scope of Bullard's appeal and our jurisdiction over her arguments as presented in her brief.

"The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001) (quoting United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983)). Pursuant to Fed.R.App.P. 4(b)(1)(A)(i), a defendant in a criminal case must file a notice of appeal within 10 days of the entry of the order being appealed. In addition, Fed.R.App.P. 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." "Ordinarily, failure to abide this requirement will preclude the appellate court from reviewing any judgment or

5

order not so specified." McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986). "[W]here some portions of [an order are] expressly made a part of the appeal, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." Osterneck v. E.T. Barwick Industries, Inc., 825 F.2d 1521, 1529 (11th Cir. 1987).

Based upon the record, and Bullard's explicit declaration in her notice of appeal that she wished to appeal from the denial of the court's "order on June 05, 2006," which was the denial of her "motion under Rule 52(a)(c) 60(b)" for clarification of the court's previous order denying her motion to dismiss for lack of jurisdiction, we will infer that she is not appealing the denial of any other motion. See Osterneck, 825 F.2d at 1529. Thus, the scope of this appeal is limited to the denial of Bullard's motion for clarification of the court's previous order denying the motion to dismiss for lack of jurisdiction. Construing Bullard's appellate brief liberally, however, she only raises issues regarding her sentence and the court's denial of her motion to eliminate the firearm enhancement from her offense level calculation. See McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994) (noting that we construe pro se briefs liberally). Accordingly, we deem abandoned any arguments regarding the court's denial of Bullard's motion for clarification concerning her motion to dismiss for lack of jurisdiction - the only order properly

6

before this Court for review.  See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that, where an appellant offered no argument on appeal regarding the only issue properly reserved for appeal, the appellant had abandoned that issue).

Moreover, the record demonstrates that Bullard filed her "motion to eliminate enhancements and reduce sentence" on January 3, 2006, and that the court denied that motion on January 17, 2006.  Bullard did not file a notice of appeal as to the court's denial of that motion.  However, on March 21, 2006, Bullard filed a motion requesting that the court make factual findings and conclusions of law with regard to its denial of her "motion to eliminate enhancements and reduce sentence."  The court denied that motion on April 7, 2006, and Bullard did not file a notice of appeal as to that order within 10 days of its entry.  Therefore, to the extent that Bullard now argues on appeal that the court erroneously denied her "motion to eliminate enhancements and reduce sentence" or her request to clarify that denial, we are without jurisdiction to address her arguments because she failed to timely appeal those orders.  See Fed.R.App.P. 4(b)(1)(A)(i).  Additionally, to the extent that Bullard raises issues on appeal that she presented in her § 2255 motion, which the district court denied in December 2004, we similarly lack jurisdiction to address those claims because Bullard has

not obtained a certificate of appealability, as required by § 2255. <u>See</u> 28 U.S.C. § 2255.

## III.  Conclusion

We conclude that Bullard abandoned all arguments with regard to the only district court order properly before this Court on appeal and that we lack jurisdiction to address the issues she raises in her brief.  In light of the foregoing, the district court's denial of Bullard's "motion under Rule 52(a)(c) 60(b)" is

**AFFIRMED.**