[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2011
JOHN LEY
CLERK

No. 10-12527
Non-Argument Calendar
_____

D.C. Docket No. 6:09-mc-00029-ACC-GJK

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DANIEL E. KOWALLEK,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 26, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

After a trial before a magistrate judge, Daniel E. Kowallek was convicted of

engaging in disorderly conduct in a national park in violation of 36 C.F.R.

§ 2.34(a)(2). Kowallek appealed his conviction to the district court, which affirmed. Kowallek, who represented himself at trial and is proceeding *pro se* on appeal as well, appeals once more and asks that we overturn his conviction for three separate reasons.[1]

First, Kowallek argues that the citation he was issued does not sufficiently apprise him of the charges against him. Second, he argues that the government violated Federal Rule of Criminal Procedure 26.2 by failing to disclose a pre-trial statement made by the only witness against him. And last, Kowallek challenges the sufficiency of the evidence used to obtain his conviction. Because we conclude that Kowallek had sufficient notice of the charges against him, that any violation of Rule 26.2 was harmless, and that the government presented sufficient evidence to obtain a conviction, we affirm.

On November 8, 2008, Kowallek was cited for committing obscene acts and engaging in disorderly conduct at Playalinda Beach at the Canaveral National Seashore. The citation listed the date, time, and place of the offense, the regulation that Kowallek allegedly violated, and also included a brief description of the disorderly conduct that tracked the regulation's language. In February

---

[1] Because Kowallek is proceeding *pro se*, we read his briefs liberally. *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994).

2009, Kowallek made his initial appearance before the magistrate judge and the charges against him were explained in greater detail than they were in the citation. Kowallek now argues that the citation deprived him of due process because its generic information prevented him from preparing a defense.

Federal Rule of Criminal Procedure 58 allows for a petty offense, like the one Kowallek was charged with, to proceed to trial based on a violation notice or citation. Fed. R. Crim. P. 58(b)(1). Rule 58 contemplates that the charging document for a petty offense need not be as formal or require as much as an indictment or information would. But the rule also contains additional safeguards to ensure that a defendant receives due process. Specifically, a defendant must be informed of the charges against him at his initial appearance before a magistrate judge. *Id.* (b)(2). In reviewing the sufficiency of an indictment, we have said "even an inadequate indictment satisfies due process if the defendant has actual notice [of the charges against him], such that [he] suffers no prejudice." *United States v. Odom*, 252 F.3d 1289, 1298 (11th Cir. 2001).

Here, we conclude that because Kowallek was informed of the charges against him at his initial appearance, including the factual allegations against him, he suffered no prejudice and thus due process was satisfied. And although Kowallek argues that the citation should have contained a description of the exact

3

location where the offense was alleged to have occurred, we conclude that the citation was sufficient. We have held previously that an indictment that alleges that an offense took place in a specific judicial district is sufficient to put a defendant on notice of where a crime was committed. *See United States v. Steele*, 178 F.3d 1230, 1234 n.1 (11th Cir. 1999). The offense that Kowallek was charged with required the offense to have taken place within a national park. 36 C.F.R. § 2.34(b). The citation alleged that Kowallek violated the regulation at Playalinda Beach at the Canaveral National Seashore, somewhere north of mile marker 13. Whether the offense took place somewhere to the north or the south of mile marker 13 is immaterial, so long as it was committed at the Canaveral National Seashore. No greater specificity was required.

Kowallek also argues that the government violated Rule 26.2 by not producing the probable cause statement made by the only witness against him. Rule 26.2 requires the government to produce a witness's pre-trial statement relevant to that witness's testimony after that witness has testified on direct examination upon motion by the defendant. Kowallek did not move for the statement's production immediately after the government's witness testified on direct examination. It was only after the government showed the statement to Kowallek while it was cross-examining him, that he did. The magistrate judge

said that Kowallek could have a copy of the statement. But the government did not have an extra copy, and mistakenly responded that the document was on the docket. Additionally, the district court did not grant a recess for Kowallek to examine the statement but instead proceeded to closing arguments. But even assuming that the government did not produce the statement, the error was harmless. *United States v. Jones*, 601 F.3d 1247, 1266 (11th Cir. 2010). Although Kowallek contends that the statement differs from the witness's testimony, after reviewing both, we are not persuaded that is so. The witness's statement says that he saw two men seated approximately 15 and 25 feet to the south of Kowallek. At trial, the witness testified that he saw one man seated 25 feet to south, and then he saw another man to his (the witness's) left who was about 15 feet from the defendant. Although it might be ambiguous, that statement does not contradict the witness's statement and thus it would not have had any impeachment value. Because the statement and the testimony did not differ, any error from its non-production was harmless.

We now address whether the government presented sufficient evidence to obtain a conviction, which is a legal question that we review *de novo*. *United States v. Pruitt*, 638 F.3d 763, 765 (11th Cir. 2011). We view the evidence in the light most favorable to the government and ask whether it would permit the

magistrate judge to have found the defendant guilty beyond a reasonable doubt. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). We do not generally reevaluate credibility determinations or pass upon the weight of the evidence. *Id.* Only if we have a definite and firm conviction that the magistrate judge's conclusions about a witness's credibility were wrong, will we disturb them. *United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir. 1997). And should a defendant testify in his own defense, a fact finder may disbelieve the defendant's statement and consider it as substantive evidence of guilt. *United States v. Williams*, 390 F.3d 1319, 1325 (11th Cir. 2004).

Although the government's witness was unable to recall the conditions at the beach or how many people were at the beach on November 8, 2008, he did testify that he watched Kowallek engage in disorderly conduct on the beach that day. And a witness's capacity to remember events is only one factor in evaluating testimony. *United States v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993). In addition, the magistrate judge was free to disbelieve Kowallek's own testimony and take it as evidence of his guilt. Accordingly, we conclude that sufficient evidence supports Kowallek's conviction.

**AFFIRMED.**