JULIE CARNES, Circuit Judge, concurring: As explained in the majority opinion, this appeal presents a novel question whose answer is not immediately obvious. To recap, a magistrate judge directed the Government to respond to Burgess’s § 2255 motion by indicating why the motion should not be granted and by addressing, among other things, the timeliness of the motion and whether Burgess had previously pursued other federal remedies. The question whether Burgess had waived his right to file a § 2255 motion was not something that the court specifically directed the Government to answer. The Government responded, offering multiple reasons why Burgess should not succeed on his motion, but never mentioning that, as part of a plea agreement, Burgess had waived his right .to challenge collaterally the effectiveness of his attorney at the sentencing hearing. Thereafter, with the case now before, the district court judge following the Government’s response, the district judge sua sponte' denied that part of the motion alleging ineffective counsel at sentencing,- but not. on the merits as argued by the Government. Instead the court relied on the- appeal/collateral-attack waiver that Burgess had agreed to as part of his plea agreement, which waiver prevented Burgess from raising this challenge in a § 2255 motion. And it was on this basis that the district court denied this particular claim. As the Government had already filed its, response and had never mentioned this collateral-attack waiver in that response, the first question presented by this appeal is whether the district court should have given Burgess an opportunity to respond before it dismissed his § 2255 motion based on that waiver. I agree with the majority opinion’s conclusion that pursuant to Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), the district court should have given Burgess that chance. And were that all we had to decide, it would be simple enough to remand the case to the district court to allow Burgess to respond, after which the district court would be free to again deny the claim based on the waiver ground. But . Burgess seeks a broader victory than just getting the chance to respond. Rather, he argues that once the Government had filed a response in which it failed to mention its “affirmative defense” of waiver, then the district court was no longer free to rely on that defense .sua sponte and the defense was kaput. Accordingly, Burgess contends that the district court on remand will be required to determine this particular claim on its merits. And that is the outcome reached by the majority opinion. Although I concur with this result on these particular facts, in doing so -1 acknowledge that it is a close question. In part, I write separately to emphasize the narrowness of today’s holding. But mostly I write to emphasize that there is nothing wrong with a judge, in screening the § 2255 case before her, to identify the prisoner’s waiver of a right to file a collateral challenge, as a potential defense, and to then allow the parties to respond. Moreover, even when the court has failed to identify this waiver during the initial review period and when the Government has also failed to mention the waiver in its subsequent response, the latter is still free to later request an amendment of its response to permit the district court to consider the defense. As to the limited impact of our decision, although today’s holding rests on the use of a civil procedure rule to determine the outcome in a § 2255 case, I do not foresee, as a general matter, the federal rules of civil procedure assuming an outsized role in a protocol that operates on very different rules,[1] Why then did a civil procedure rule control here? As the majority opinion acknowledges, there are special rules to govern § 2255 proceedings, and nothing in those rules requires the Government to assert its affirmative defenses in its response to the prisoner’s motion. Indeed, § 2255 Rule 5 provides that the Government is not even required to respond to the motion unless a judge requires it to do so, and when a response is required, the rule requires only that the answer “address the allegations in- the motion,” “state whether the moving party has used any other federal remedies,” and “whether the moving party received an evidentiary hearing.” Rules Governing § 2255 Rule 5. The federal civil procedure rules factor in only because of § 2255 Rule 12, which provides that “The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.” Thus, but for Fed. R. Civ. P. 8(c), which requires an affirmative defense such as waiver to be asserted in any response to a pleading, Burgess would lack any support for an argument that the Government had forfeited its ability to rely on Burgess’s waiver of the right to challenge collaterally his sentence. Yet, because Rule 8 (c)’s requirement that a defendant assert an affirmative defense is not inconsistent with the § 2255 Rules’ silence on that point, in theory it should apply. But “theory” is the operative word because, as Day sets out, even a violation of Fed. R. Civ. P. 8(c) can be insufficient to assure victory for a prisoner seeking to collaterally attack his conviction or sentence in federal court. As the majority opinion explains, the Supreme Court held in Day that even-when a state authority has failed to assert in its response certain affirmative defenses—specifically, exhaustion of remedies, procedural default, non-retroactivity of néw decision, and statute of limitations—available against a § 2254 claim,[2] Fed. R. Civ. P. 8(c) does not operate to render these defenses forfeited by the respondent. Instead, the reviewing district court may still, within certain parameters, assert the affirmative defense on behalf of the State and rely on it in denying the petition. See Day, 547 U.S. at 205, 208-09, 126 S.Ct. 1675. Thus, as to all of the above affirmative defenses, even a Rule 8(c) violation by a state or federal respondent will not, by itself, insulate the prisoner from dismissal based on those defenses. But, as also noted by the majority opinion, the Supreme Court indicated that it was only because the nature of these particular defenses implicated “values beyond the concerns of the parties” that the Court recognized an exemption from what would normally be Rule 8(c)’s prohibition of a district court’s sua sponte reliance on a defense that the respondent had omitted from its response. The novel question before us in this case is whether a post-response, sua sponte judicial enforcement of a plea agreement provision waiving a right to collaterally attack a sentence serves to protect the same sort of institutional values as does a court’s enforcement of the affirmative defenses of timeliness, exhaustion of remedies, procedural default, and non-retroac-tivity. If it does, then, just as with those other affirmative defenses, Fed. R. Civ. P. 8(c) would not stand in the way of a district court sua sponte relying on the defense, even though the Government failed to assert it in its response. On this point, I agree with the majority that it is mostly the concern of the parties, not the court, that such a plea agreement provision be enforced, and it therefore makes sense to expect the party who would benefit from enforcement to mention that concern either in pursuing or opposing relief. And I therefore concur that a sua sponte, post-response dismissal based on a collateral-attack waiver does not enjoy the protection from application of Rule 8(c) that Day extends to other affirmative defenses. I also observe, however, that taking Day together with our ruling in this case, it appears that an appeal/collateral challenge waiver by a prisoner is, at least at present, the only affirmative defense to a § 2255 motion that will be deemed forfeitable by a breach of Rule 8(c). That only one affirmative defense associated with a § 2255 motion appears to be categorically precluded by a federal civil procedure rule that purportedly deems as forfeited any affirmative defense not raised in a respondent’s response illustrates the narrowness of our ruling. Moreover, I do not read our opinion today as in any way constraining the ability of a district court to sua sponte raise the issue of the plea waiver when it is setting out the issues in the case 'that it wishes the parties to address and develop. One of the most important distinctions between the federal civil procedure rules and the rules governing § 2255 litigation lies in the very different role that the district court occupies in each proceeding. In a civil case, the defendant typically takes the lead in seeking dismissal of the case or a narrowing of the issues. See, e.g., Fed. R. Civ. P. 12(b), 12(c), 12(e), 12(f). With a § 2255 motion, however, the special rules vest in the district court the duty and responsibility to initially assess the case to determine whether there is sufficient merit to permit it to move forward. Specifically, § 2255 Rule 4 (Preliminary Review) requires that the clerk forward a § 2255 motion to the judge who tried the underlying criminal trial. Section 2255 Rule 4(a) (Initial consideration by judge) requires the judge to promptly examine the motion and “[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion....” § 2255 Rule 4(b) (emphasis added). If the court does not dismiss the motion, it must then direct the Government to respond or to take other action directed by the court. Id. In short, § 2255 litigation can go nowhere until the district court first reviews the prisoner’s motion and determines that it can proceed: a process that is quite at odds with the way in which traditional civil litigation operates.[3] And because it is the district court’s responsibility to initially assess and then direct and manage the § 2255 litigation, I do not read our opinion as in any way gagging the court as it goes about that endeavor. Further, even when the district court, via its initial review, does not identify an appeal waiver as a matter for the Government to address in its response— and the Government then fails to raise that defense—our opinion today does not mean that the Government cannot subsequently file a motion pursuant to Fed. R. Civ. P. 15(a) to amend its response to add that defense.[4] To that point, although affirming the district court’s action in Day,[5] the Supreme Court noted that instead of sua sponte issuing to the petitioner a show cause order to explain why the petition was not untimely, the district court could have informed the State of the timeliness issue and entertained any subsequent motion by the State to amend its answer. Day, 547 U.S. at 209, 126 S.Ct. 1675. As the Court noted, “Recognizing that an amendment' to the State’s answer might have obviated this controversy, we see no dispositive difference between that route, and the one taken here.” Id. (footnote omitted). Indeed, notwithstanding the dissent’s disagreement that the district court was empowered to issue a sua sponte ruling based on an affirmative defense not raised by the Government in its response, the majority opinion ip Day noted the Court’s unanimity on the above point. Id. at 209 n.9, 126 S.Ct. 1675. The dissent confirmed its agreement that a post-response motion to amend by the State, after being informed by the Court of the timeliness issue, would handle its concerns and would be appropriate: I agree with the Court that today’s decision will have little impact on the outcome of district court proceedings. In particular, I agree that “if a district judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge,” ante, at [210]. Rather, a judge may call the timeliness issue to the State’s attention and invite a motion to amend the pleadings under Civil Rule 15(a), under which “leave shall be freely given when justice to requires.” In fact, in providing for leave whenever “justice so requires,” Rule 15(a), the Civil Rules fully accommodate the comity and finality interests that the Court thinks require a departure from the Civil Rules ... Requiring the State to take the affirmative step of amending its own pleading at least observes the formalities of our adversary system, which is a nontrivial value in itself.... Day, 547 U.S. at 216 n.2, 126 S.Ct. 1675 (Scalia, J., dissenting) (emphasis added). In summary, the following is how I read the majority opinion and the basis on which I concur. During its preliminary review and before any response is filed by the Government, a district court may raise sua sponte a collateral-attack waiver and direct the parties to respond. Day, 547 U.S. at 210, 126 S.Ct. 1675. If the district court has failed to instruct the Government to address the collateral-attack waiver, it is the Government’s responsibility to assert this particular affirmative defense in its response. If, however, it fails to do so initially, the Government may nonetheless later file a motion pursuant to Fed. R. Civ. P. 15(a) to amend its response to add this waiver defense. In deciding whether it will allow the Government to belatedly raise this affirmative defense, the district court will apply the standards traditionally used to decide such a motion. With these points of emphasis, I concur in the majority opinion. . As to the very different protocol thát governs a § 2255 proceeding versus a civil case, when a traditional civil case is filed, the plaintiff is subject to different pleading requirements than the Rules Governing § 2255 Proceedings require for its movants. (Compare Fed. R. Civ. P. 8(a) with § 2255 Rule 2(b).) In a civil case, discovery is mandatory and the required disclosures are set out in great detail, whereas in a § 2255 proceeding, discovery can be conducted only by leave of the court and within-'the parameters it allows. (Compare Fed. R, Civ. P. 26 with § 2255 Rule 6). Further, as discussed infra, in § 2255 litigation, the district court is required by rule to take the lead in initially reviewing the case to determine whether there is any potential merit; in traditional civil litigation, the defendant typically shoulders that burden. Indeed, because some of the federal civil rules are a poor fit for the procedures set out in the special rules that govern § 2255 proceedings, efforts to shoehorn them into the latter can be problematic. See. e.g., McBride v. Sharpe, 25 F.3d 962 at 967, 970 (11th Cir. 1994) (en banc), in which the court held that the 10-day notice requirement found in the summary judgment provision of Fed. R. Civ. P. 56(c) is inconsistent with the summary .disposition protocol established by the Rules Governing § 2254 Cases, Rule 8(a), when the parties do not raise issues requiring a factual inquiry outside the record and the court does not rely on materials outside that record. . 28 U.S.C. § 2254 permits a state prisoner to collaterally challenge a state conviction in federal court. 28 U.S.C. § 2255 governs the collateral challenge to a federal conviction. . Under the Federal Rules of Civil Procedure, upon service of the complaint, the defendant is required either to file an answer (Rule 12(a)(1)(A)), a motion to dismiss (Rule 12(b)), or a motion for a more definite statement (Rule 12(f)). Obviously, the defendant in civil litigation is not permitted to wait until the district court assesses the merits of the complaint before launching its opening salvo. . This avenue is not open to the Government in this case, though, because after it responded, the Government never filed a motion to amend to assert the waiver defense. In short, on remand, the district court will be required to decide Burgess’s collateral attack on his sentence on the merits. . In Day, the state respondent had erroneously indicated in its response that the § 2254 petition was timely, based on an erroneous mathematical calculation that was obvious to the magistrate judge who had been newly assigned to the case. Taking notice of this error, the magistrate judge sua sponte directed the § 2254 petitioner to show cause why the petition should not be dismissed as untimely.