[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12311
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 03-00068-CV-WLS-1

MILAGROS S. KEH,

Plaintiff-Appellant,

versus

AMERICUS and SUMTER COUNTY HOSPITAL,
d.b.a. Sumter Regional Hospital Inc,
SOUTHWEST GEORGIA HEALTHCARE ASSOCIATION INC,
SOUTHWEST GEORGIA HEALTHCARE RESOURCES INC,
JERRY ADAMS,
Individually and in his official capacity as CEO
of Sumter Regional Hospital, Inc.; Southwest GA.
Healthcare Resources, Inc.,
M.D. ANDREW C. CARLSON,
Indiv. and in his official capacity as CEO,
Medical Director and Chairman of the Board of Directors of
Southwest Georgia Healthcare Association, Inc.,
et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 29, 2010)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Milagros Keh appeals the district court's dismissal of her federal civil rights

and state-law defamation claims. We affirm.

## I. Background

In 1992, Milagros Keh, a Filipina psychiatrist, joined the medical staff at

Sumter Regional Hospital, a non-profit medical-treatment corporation located in

Americus, Georgia. She also joined Southwest Georgia Healthcare Association

(SGHA), a non-profit corporation which acts as a contracting agent with managed-

care plans and insurers for many Sumter Regional physicians. SGHA requires

participating physicians to be in good standing at Sumter Regional and undergo a

credentialing process.

In 1999, Gwen Morgan, a psychiatrist and one of the defendants, lodged a

complaint with Sumter Regional, alleging that Keh had attempted to purchase

property from a mentally disabled patient. John Marshall, a black doctor on the

Sumter Regional Executive Committee, opposed taking any action without first conducting an investigation. The investigation later exonerated Keh. Marshall later filed a civil rights action against Sumter Regional and identified Keh as a potential witness. Keh's motion to intervene in the case was denied and she never testified in relation to Marshall's case.

In January 2001, SGHA suspended Keh's membership privileges for "alleged failure to document patient care, as well as incomplete medical records." Ten months later, Sumter Regional summarily suspended Keh's privileges to admit patients because a review showed her medical care was "below the standard of care required."

On April 24, 2003, Keh sued SGHA and Sumter Regional along with eighteen other defendants. She alleged, *inter alia*, that the defendants (1) violated 42 U.S.C. § 1981 by conspiring to terminate her ability to make and enter contracts due to her national origin; (2) violated 42 U.S.C. § 1983 by retaliating against her for her involvement in Marshall's case; and (3) violated 42 U.S.C. § 1985(2) by conspiring to deter her from participating in a judicial proceeding. She sought money damages under 42 U.S.C. § 1985(3) and attorney's fees under 42 U.S.C. § 1988 for these alleged federal violations. She also brought state-law defamation claims against the defendants.

3

In 2005, the district court granted the defendants' motion to dismiss on Keh's § 1983 claim because she failed to sufficiently plead state action. In 2006, the district court granted the defendants' motion for a judgment on the pleadings and dismissed Keh's defamation claims for a failure to comply with Georgia's one-year statute of limitation. In 2008, the court granted defendants Michael Cacciatore and Joseph King's motion for partial summary judgment and dismissed Keh's §§ 1981, 1985(2), 1985(3), and 1988 claims against them. In 2009, the court found that the remaining defendants were similarly situated to Cacciatore and King and dismissed *sua sponte* Keh's federal civil-rights claims against the remaining defendants. The district court also denied Keh's motion for leave to file a second amended complaint and declined to exercise jurisdiction over Keh's remaining state claims.

Keh argues that the district court erred in dismissing both her federal civil-rights claims and her state-law defamation claims. Keh also argues that the district court erred in dismissing the case *sua sponte*, granting summary judgment for Cacciatore and King without completing discovery, denying her motion for leave to file a second amended complaint, and refusing to exercise jurisdiction over her remaining state-law claims after dismissing the federal claims.

## II. Discussion

*1. Section 1981 claim*

Keh argues that the district court erred in dismissing her § 1981 claim for a failure to plead it with sufficient particularity. A complaint must provide " 'a short and plain statement of the claim' that will give the defendant fair notice of . . . the . . . claim . . . and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (citing Fed. R. Civ. P. 8(a)). Allegations which fail to provide such notice are appropriately subject to summary judgment. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In her complaint, Keh only mentioned a potential § 1981 claim once, including it with her other federal claims in a paragraph describing the jurisdiction of the court. Furthermore, she did not allege any facts in her complaint that the defendants intentionally discriminated against her due to her national origin. Thus, the district court did not err in dismissing her § 1981 claim.

*2. Section 1983 claim*

Keh argues that the district court erred in dismissing her § 1983 claim for failure to adequately establish state action. To obtain relief under § 1983, Keh must show that she was deprived of a federal right by a person acting under color of state law. *See Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir.

5

1993). "[A] private hospital is subject to the provisions of 42 U.S.C. § 1983 and the Fourteenth Amendment only if its activities are significantly affected with state involvement." *Greco v. Orange Mem'l Hosp. Corp.*, 513 F.2d 873, 877 (5th Cir. 1975), *cert. denied*, 423 U.S. 1000 (1975).[1]

Keh argues that she alleged sufficient facts in her complaint to establish that SGHA, Sumter Regional, and the other defendants were state actors. She relies on *Faucher v. Rodziewicz*, 891 F.2d 864 (11th Cir. 1990), which she claims establishes that a hospital and its physicians are state actors.

*Faucher* held that a hospital and its member doctors were state actors because the hospital was established by Georgia law. Keh's complaint does not allege that either Sumter Regional or SGHA were public entities or otherwise established by Georgia law. In fact, her complaint simply refers to both Sumter Regional and SGHA as "non-profit corporations" incorporated in the state of Georgia. Furthermore, nothing in her complaint suggests that any of the individual doctors are state agents. Finally, Keh alleges no facts in her complaint suggesting any state involvement with any of the defendants or their decisions. Thus, the district court did not err in dismissing her § 1983 claim.

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent in the Eleventh Circuit all decisions of the former Fifth Circuit announced prior to October 1, 1981.

*3. Section 1985(2) claim*

Keh argues that the district court improperly granted summary judgment on her § 1985(2) claim. Section 1985(2) provides a right of action against persons involved in a conspiracy to deter any party from attending or testifying in court or to injure any such person on account of his having so testified. "Congress meant Section 1985(2) to protect a party while attending or testifying in court." *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 348 (5th Cir. 1981).[2]

In her deposition, Keh admitted that she never attended court in connection with the Marshall case, that no person ever prevented her from attending court in the Marshall case, and that she was never prevented in any way from providing testimony in the Marshall case. Thus, the defendants could not have conspired to prevent her from attending or testifying in court, and the district court correctly dismissed her § 1985(2) claim.

*4. Section 1985(3) and 1988 claims*

Keh argues that the district court improperly dismissed her §§ 1985(3) and 1988 claims. "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. &*

---

[2] The Fifth Circuit rendered the *Kimble* decision on June 18, 1981, so it is binding on the Eleventh Circuit. *See Bonner,* 661 F.2d at 1209.

*Loan Ass'n v. Novotny*, 442 U.S. 366 (1979). Section 1988 also does not afford the plaintiff a substantive right; instead, it allows the plaintiff to recover attorney's fees if he or she successfully alleges the violation of a federal right. 42 U.S.C. § 1988(b).

Because the court properly dismissed Keh's claims that the defendants violated her federal rights, the district court correctly dismissed her §§ 1985(3) and 1988 claims.

5. Sua sponte *dismissal*

Keh contends that the district court erred because it dismissed her claims *sua sponte* without affording her prior notice and an opportunity to be heard. We review the district court's *sua sponte* dismissal *de novo*. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). But, "where a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner*

8

*Robins*, 331 F.3d 1196, 1201 (11th Cir. 2003).

Although the district court did not give Keh formal notice, Keh had adequate opportunity to address the legal issues that the court resolved in issuing its *sua sponte* dismissal. Keh's response to Cacciatore and King's motion for partial summary judgment addressed all of the issues that were ultimately considered by the district court in its *sua sponte* dismissal. Thus, both the legal and evidentiary issues were fully developed and the district court correctly dismissed Keh's remaining federal claims.

*6. Denial of leave to amend*

Keh argues that the district court erred by refusing to grant her motion for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a). We review the district court's decision for an abuse of discretion. *Bel-Bel Int'l Corp. v. Cmty. Bank*, 162 F.3d 1101, 1110 (11th Cir. 1998). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1336 (11th Cir. 2002).

"Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, *undue* delay may clearly

support such denial." *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991). Keh filed her motion for leave to amend six years after filing her first complaint. Thus, the district court did not abuse its discretion in finding undue delay and denying Keh's motion for leave to file a second amended complaint.

*7. State-law defamation claims*

Keh argues that the court improperly dismissed her state-law defamation claims for failing to comply with the statute of limitation. Georgia has a one-year statute of limitation on actions for defamation, but Keh's complaint states nowhere that she suffered an injury to her reputation in the year before she filed her complaint.

Keh argues that the district court improperly failed to consider two documents that establish her compliance with the statute of limitation: (1) a "declaration" that she attached to her response to the defendants' motion to dismiss and (2) a report filed with the Composite State Board of Medical Examiners. We review the district court's decision to grant a motion to dismiss *de novo*. *S.E.C. v. Mut. Benefits Corp.*, 408 F.3d 737, 741 (11th Cir. 2005).

As a general rule, "[t]he scope of the review [on a motion to dismiss] must be limited to the four corners of the complaint." *St. George v. Pinellas County*,

10

285 F.3d 1334, 1337 (11th Cir. 2002); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Keh argues that the district court should have considered the declaration under the incorporation-by-reference doctrine.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  This doctrine provides that "a document attached to a motion to dismiss may be considered by the court . . . only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999).  The defendants here, however, contest the validity of the declaration.  The declaration, therefore, is not undisputed, and the district court did not improperly fail to consider it.

Keh also argues that the district court erred by failing to consider a report filed with the Composite State Board of Medical Examiners.  Keh cannot identify this report, however, and never subpoenaed the Board to obtain it.  Thus, the district court did not err in failing to consider it.

*8. Retaining jurisdiction over state-law claims*

Keh argues that the district court abused its discretion by failing to exercise its pendent jurisdiction over her state-law claims after it had dismissed her federal claims.

We have held that a district court abuses its discretion in dismissing state law claims if there is no adequate state forum for adjudicating the state-law claims.

11

*See L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427-28 (11th Cir. 1984). Otherwise, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Keh does not argue that she cannot adjudicate her claims in a state forum, so the district court did not abuse its discretion in failing to exercise its pendent jurisdiction over her state-law claims.

*9. Summary judgment for Cacciatore and King*

Keh argues that the district court improperly granted Cacciatore and King's motion for partial summary judgment because it denied her Rule 56(f) motion to continue discovery and improperly interpreted Rule 33. "District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996).

We review a denial of discovery under Rule 56(f) for abuse of discretion. See *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1315 (11th Cir. 1990). A Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. *See* Fed. R. Civ. P. 56(f). Keh did not file an affidavit with her rule 56(f) motion. Thus, the district court did not abuse its discretion in denying her Rule 56(f)

12

motion.

Keh contends that the district court improperly denied her motion to compel and motion for sanctions because the defendants' responses to her interrogatories did not comply with Rule 33. Interpreting the Federal Rules of Civil Procedure presents a question of law subject to *de novo* review. *McBride v. Sharpe*, 25 F.3d 962, 967-68 (11th Cir. 1994). We review a district court's factual findings for clear error. *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006).

The district court, in finding that the defendants complied with Rule 33, stated that "notwithstanding the suspect nature of many of Defendants' responses, Defendants did in fact comply with the Court's requirements." There is nothing in the record suggesting that this finding is clearly erroneous and we conclude that the district court properly granted Cacciatore and King's motion for summary judgment.

Accordingly, the district court's dismissal of Keh's claims is

**AFFIRMED.**